**Mary E. KAROTKA, (Deceased) c/o Charles T. Karotka, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MILLCREEK COMMUNITY HOSPITAL and Home Insurance Co.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 22, 2003.

Decided Oct. 16, 2003.

Publication Ordered Jan. 14, 2004.

Charles T. Karotka, petitioner pro se.

William W. Schrimpf, Sr., Pittsburgh, for respondents.

PER CURIAM.

Charles T. Karotka appeals *pro se* from the order of the Workers' Compensation Appeal Board (Board) that affirmed the dismissal of Karotka's third attempt to establish that Millcreek Community Hospital (employer) and its insurer committed "wrongdoings" and myriad violations of the Workers' Compensation Act[1] during the litigation of employer's petition to terminate the benefits of Mary Karotka, employer's former employee and Karotka's

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

deceased wife. This latest attempt was commenced via a petition for penalties. However, since we have previously held on two occasions that Karotka is not entitled to penalties,[2] Karotka contends that he is not seeking imposition of penalties but only findings that the alleged violations have occurred.[3] Because we once again hold that Karotka's claims are barred by the doctrine of res judicata, we affirm the Board.

Mary Karotka suffered a work-related injury in 1985 and received benefits pursuant to a notice of compensation payable. Employer petitioned to terminate Mary's benefits in 1986, alleging that Mary had fully recovered from her work injury and returned to work on November 3, 1986, without a loss of earnings. In October of 1989, before adjudication of the termination petition, Mary died from causes unrelated to her work-injury. Employer paid Mary total disability benefits until her death. Following Mary's death, Karotka proceeded *pro se* to defend the termination petition.

Following 15 hearings, the Workers' Compensation Judge (WCJ) granted the petition. The Board affirmed, as did this court. *Karotka v. Workers' Comp. Appeal Bd. (Millcreek Cmty. Hosp.) (Karotka I)*, No. 1764 C.D.1998 (Pa.Cmwlth. filed December 22, 1999), *alloc. denied*, 563 Pa. 667, 759 A.2d 389 (2000). In conjunction with his defense of the termination petition, Karotka filed six penalty petitions alleging that employer refused to comply with a subpoena, disregarded Mary's health and safety, committed fraud by filing a false affidavit, and delayed or refused to tender medical records. *See Karotka v. Workers' Comp. Appeal Bd. (Millcreek Cmty. Hosp.) (Karotka II)*, 3324 C.D.1999, slip op. at 2 (Pa.Cmwlth. filed December 1, 2000), *alloc. denied*, 566 Pa. 652, 781 A.2d 150 (2001). The WCJ ultimately denied the petitions. The Board affirmed, as did this court.

Karotka proceeded to file several more penalty petitions in January of 2001. The WCJ held that the petitions were barred by the doctrine of res judicata because they raised the same allegations and causes of action adjudicated in the previous six penalty petitions. Again, the Board affirmed, as did this court. *Karotka v. Workers' Comp. Appeal Bd. (Millcreek Cmty. Hosp.)(Karotka III)*, No. 2877 C.D.2001 (Pa.Cmwlth. filed March 3, 2003).

The instant round of litigation began with Karotka's penalty petition filed in March of 2002. Employer denied the averments of the petition and filed a motion to dismiss on the grounds that the allegations and action were barred by the doctrine of res judicata. At the hearing on the motion to dismiss, Karotka failed to adequately respond to the WCJ's question regarding the merits of employer's motion. Therefore, the WCJ ended the hearing and provided Karotka with 30 days to respond to the motion to dismiss. Karotka responded with an answer as well as other motions, including, *inter alia*, a motion for

---

2. *See Karotka v. Workers' Comp. Appeal Bd. (Millcreek Cmty. Hosp.)*, No. 2877 C.D.2001 (Pa.Cmwlth. filed March 3, 2003); *Karotka v. Workers' Comp. Appeal Bd. (Millcreek Cmty. Hosp.)*, No. 3324 C.D.1999 (Pa.Cmwlth. filed December 1, 2000).

3. Karotka asserts in his petition, however, that he is not waiving his right to seek penalties in later proceedings and "asserts all his rights and privileges for recourse until such time prior proceedings are corrected and Petitioner can proceed with proper redress for the wrongs committed against the Estate of Mary E. Karotka and/or Petitioner." Because of our disposition of this matter we will not further address the issue, but we express serious doubt whether the present request for finding of wrongdoing by various parties raises a justiciable case or controversy.

recusal, motion for new trial, and motion for "unsavory candor toward the tribunal." Following the close of the record, the WCJ again dismissed the petition on the basis of res judicata, finding:

> A review of the substance of the penalty petition demonstrates, to the extent intelligible, that claimant is once again alleging misconduct, a conspiracy, or the like, having been committed against him by various parties in the context of the previous termination petition . . .
>
> [Karotka], plainly, is simply reiterating, in a different guise, the same allegations of wrongdoing or conspiracy against him and his deceased spouse as advanced in prior proceedings. This is plain from the *face* of the petition.

WCJ's opinion at 4 (circulated May 17, 2002) (emphasis in original). The Board affirmed and the present appeal followed. We see no error in these fully supported findings and conclusions.

■ Here, it is beyond peradventure that the elements of technical res judicata have been met.[4] Each of Karotka's claims, or variations of the instant claims, have been raised and addressed in the prior termination and penalty proceedings involving the same parties. Allocatur was denied in *Karotka I and II* and, therefore, those judgments, denying Karotka relief, are final.[5] There is no doubt that all claims that have been litigated or *could have been litigated* during those proceedings are now precluded.[6]

■ Finally, we see no error in the procedures employed by WCJ Torrey. As he noted:

> It is likewise true that this adjudicator allowed only a brief hearing on March 18, 2002. A workers' compensation hearing is presumptively to be scheduled in every case, but the undersigned cannot and will not allow a hearing to be converted into an opportunity for noncognizable petitions, that have no legal basis, to be advanced. Further, an extended hearing will not be permitted for the churlish exposition of *ad hominem* attacks on lawyers and other parties.

\* \* \*

> [T]he undersigned respectfully submits that the [j]udicial review bodies of this jurisdiction consider fashioning a remedy which permits the summary disposition of petitions which are patently frivolous on their face. This is a special concern in the field of workers' compensation. In workers' compensation, there

---

4. In *J.S. v. Bethlehem Area School District*, 794 A.2d 936 (Pa.Cmwlth.2002), *alloc. denied*, 572 Pa. 760, 818 A.2d 506 (2003), this court provided a detailed explanation of the doctrine of res judicata:

> Technical res judicata requires the coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued. *Res judicata applies to claims that were actually litigated as well as those matters that should have been litigated.* Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and new proceedings.

*Id.* at 939 (emphasis added and citations omitted).

5. Karotka petitioned for allocatur in *Karotka III*, however, it has not yet been acted upon.

6. Moreover, we agree with the Board that Karotka is well advised to seek the advice of counsel prior to proceeding further or he runs the risk that he may find himself defending a civil action for, among other things, wrongful use of civil proceedings. *See* 42 Pa.C.S. § 8351 for the elements of a cause of action for wrongful use of civil proceedings. *See also Logan v. Lillie*, 728 A.2d 995 (Pa.Cmwlth. 1999).

are no filing fees as a sound and admirable matter of public policy, to ensure undeterred access to the system by workers, who are often financially leveraged. The law also protects workers by presumptively mandating a hearing.

In cases such as the present, this beneficent system has been stood on its head. An individual (*who was never injured at work*) has used the petition and hearing process to (1) try to re-litigate unfounded claims; (2) make scandalous accusations against innocent victims (Attorneys Schrimpf and Bordonaro); and (3) direct valuable and scarce administrative resources away from the needs of the injured workers with viable claims.

WCJ's opinion at 2, 6 (emphasis in original, footnote omitted). We fully agree. Although Judge Torrey did not dispense with a hearing altogether (but only abbreviated the one he held), we believe he could have done so. Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504,[7] has not been construed to require an evidentiary hearing in every case. *See Manor v. Dep't of Pub. Welfare*, 796 A.2d 1020, 1028 n. 11 (Pa.Cmwlth.2002). Nor do we construe the Special Rules of Administrative Practice and Procedure before Workers' Compensation Judges, set forth in Chapter 131 of Title 34 of the Administrative Code, to require a full evidentiary hearing in every case. While the administrative rules clearly contemplate a hearing process where an evidentiary record is established and findings made therefrom, the rules do provide that at the first hearing, the moving party shall advise the WCJ of the issues of fact and law involved in the petition, offer exhibits and provide documents required by law to be filed with the Bureau. 34 Pa.Code § 131.52. At that point in the proceedings, the WCJ has discretion to determine the hearing process, including whether testimony will be accepted at the first hearing. *Id.* Further, the WCJ has discretion to require oral argument before the close of the evidentiary record. 34 Pa.Code § 131.102. Notwithstanding that the administrative rules also provide for a hearing for purposes of examining non-compliance and the imposition of penalties, these rules afford wide latitude to the WCJ to determine procedurally the best manner to move the petition through litigation to resolution. Pursuant to this broad discretion, we conclude that these rules permit the WCJ, after examining the pleadings and affording the parties an opportunity to respond to a notice that dismissal appears appropriate, to dismiss a case without an evidentiary hearing where it is simply an attempt to relitigate issues already finally decided.

For the foregoing reasons, we affirm.

### ORDER

AND NOW, this 16th day of October, 2003, the order of the Workers' Compensation Appeal Board in the above captioned matter is hereby AFFIRMED.

---

7. Section 504 provides, "No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard."