Charles T. KAROTKA, (et al) Mary E. Karotka (Deceased), Appellant

v.

BUREAU OF WORKERS' COMPENSATION, et al, and each et al Richard Bordonaro, Esquire, and William W. Schrimpf, Sr., Esquire.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 11, 2005.

Decided April 12, 2005.

Reargument Denied En Banc June 7, 2005.

---

Charles T. Karotka, appellant, pro se.

Michael J. Cremonese, Pittsburgh, for appellee.

PER CURIAM.

Charles T. Karotka (Karotka), *pro se,* appeals an order of the Court of Common Pleas of Erie County (trial court) granting (1) a motion to quash Karotka's petition for review of insurance fraud claim, motion to affirm review of complaint, motion to

strike, and motion to amend and change caption; and (2) a motion for sanctions, both of which were filed by Richard Bordonaro, Esquire (Bordonaro).[1] The trial court also ruled that in light of prior rulings of this Court and current appeals before this Court, Karotka was precluded from filing any further legal or equitable actions seeking relief against Bordonaro or any other named party and ordered the Clerk of Records of Erie County to reject any further pleadings filed by Karotka against Bordonaro unless specifically ordered to by that court.

On September 2, 2004, Karotka filed a petition for review of denial of insurance fraud complaint requesting the trial court to issue a Rule "upon the Commonwealth to show cause why the requested Insurance Fraud Complaint under the Workers' Compensation Act and State Penal Codes should not be pursued." The Pennsylvania Office of Attorney General (OAG) was not named as a respondent; instead, Karotka named Bordonaro, William W. Schrimpf, Sr., Esquire (Schrimpf), and the Bureau of Workers' Compensation (Bureau) as respondents. Neither Bordonaro nor Schrimpf are employed by the OAG.

Bordonaro is a licensed lawyer practicing with the law firm of Knox McLaughlin Gornall & Sennet (the Firm). By way of background, Bordonaro was an associate attorney at the Firm, which was retained to represent Millcreek Community Hospital (Employer) in connection with the workers' compensation claim of Karotka's wife, Mary Karotka.[2] The Firm represented Employer at a 1987 hearing in connection with the termination petition that Employer filed to end compensation benefits for Mrs. Karotka. On September 11, 1987, Bordonaro withdrew his appearance from the case. From that point on, neither Bordonaro nor the Firm have been involved in any manner with any facet of Karotka's workers' compensation matter.

Since the initial proceedings involving his wife in 1985, Karotka has initiated many lawsuits against Employer, its carrier, the workers' compensation authorities, and now against attorneys for Employer and its carrier. The procedural background has been set forth at length at *Karotka v. Workers' Compensation Appeal Board (Millcreek Community Hospital)*, 840 A.2d 1040 (Pa.Cmwlth.2003), *petition for allowance of appeal denied*, 578 Pa. 691, 849 A.2d 1206 (2004), and will not be repeated here. For context, we note that Karotka has initiated (1) six penalty petitions on the Employer's original termination petition, all denied by the Board;[3] (2) subsequent penalty petitions in January 2001, all denied by the Board based on collateral estoppel and res judicata; (3) additional penalty petitions in March 2002 and July 2002, all denied by the Board based on collateral estoppel and res judica-

---

1. William W. Schrimpf, Sr., Esquire, another named defendant, concurred with the position stated in the pleadings of Bordonaro before the trial court, and consequently, all the relief that the trial court ordered applied to Schrimpf. For simplicity's sake, we refer only to Bordonaro.

2. Mrs. Karotka sustained a work-related injury in 1985 and received benefits from Employer and its insurance carrier. Mrs. Karotka died of non-work-related cancer in 1989. Before she died, Employer sought and received a suspension of benefits effective February 20, 1986, and a termination of those benefits effective February 20, 1987. Despite that ruling, Employer paid disability benefits to Mrs. Karotka until the date of her death.

3. The Board denied those penalty petitions based on Karotka's lack of standing to initiate petitions against Employer on behalf of his wife. On appeal, we held that Karotka did not lack standing, but could not seek a penalty petition because Karotka lost the termination proceedings.

ta; (4) three penalty petitions in December 2002 and February 2003, all denied by the Board based on collateral estoppel and res judicata; (5) another penalty petition in May 2003 captioned "Petition for Violations, Authority Section 1110," denied by the Board based on collateral estoppel and res judicata; and (6) three more penalty petitions in May 2003, all denied by the Board based on collateral estoppel and res judicata. The order denying relief in this last batch of penalty petitions is pending appeal in this Court at Docket No. 2032 C.D.2004. Recently, Karotka also filed an action in mandamus against the workers' compensation authorities, which we dismissed with prejudice. See *Karotka v. Commonwealth*, 692 M.D.2004 (Pa. Cmwlth., filed January 28, 2005).

The common allegation in all this litigation initiated by Karotka is that over 20 years ago, Employer and its insurance carrier fraudulently procured the evidence indicating that Mrs. Karotka had fully recovered from her work injuries and that the workers' compensation authorities precluded Karotka from presenting evidence of the alleged fraud. As he did in those other cases, Karotka has submitted an appendix to which he frequently refers to in his pleadings that, in his opinion, clearly indicate fraud and conspiracy on the part of the workers' compensation authorities. His appendix includes (1) documents from the workers' compensation authorities, some of which involved his wife's claim and some of which inexplicably involved other parties; (2) affidavits signed by individuals indicating that they witnessed Karotka attempting to view files regarding his wife's case but was denied the ability to do so by the filing office; (3) affidavits signed by individuals who witnessed several hearings before the Board involving Karotka; (4) newspaper articles reporting problems in state workers' compensation systems; and (5) some discovery requests.

Turning now to the genesis of the instant action, on April 18, 2001, Karotka filed a lawsuit in the United States District Court for the Western District of Pennsylvania naming Bordonaro as a defendant because he served as counsel for Employer in the mid–1980s in connection with Mrs. Karotka's workers' compensation claim. On September 27, 2001, the District Court dismissed Karotka's complaint for lack of jurisdiction. Karotka appealed to the Court of Appeals for the Third Circuit, which affirmed the decision of the District Court. Karotka then filed a motion to reopen pleadings in the district court, which was denied, followed by a denial of Karotka's request for reconsideration. Again, Karotka appealed to the Third Circuit, which again affirmed, stating that "any continued attempt to litigate the merits of this case would be deemed frivolous." (Reproduced Record at A–119 to 121).

On March 22, 2004, Karotka filed yet another petition with the Bureau and attempted to join Bordonaro in this renewed action to litigate the previous claims filed by Karotka at the Bureau level regarding his wife's workers' compensation benefits. On May 6, 2004, the Workers' Compensation Judge (WCJ) denied Karotka's petitions, reasoning as follows: (1) the petitions were frivolous and without merit; (2) the petitions sought to relitigate issues that have already been finally adjudicated; (3) the petitions were barred by collateral estoppel and res judicata; and (4) there was no basis to join Bordonaro as the claims were without merit and frivolous. Karotka appealed that decision to this Court, Docket No. 2331 C.D.2004, which we summarily dismissed on January 10, 2005, based on res judicata and collateral estoppel. It appears that Karotka has appealed that decision to our Supreme Court.

Meanwhile, before the trial court, Karotka made criminal allegations against the

Bureau, Bordonaro and Schrimpf, and twice asked the OAG to open an insurance fraud investigation. The OAG twice refused to pursue the investigation, reasoning that there was insufficient evidence to pursue an investigation and that it would not expend limited prosecutorial resources to pursue a claim without sufficient evidence. Karotka then filed with the trial court the instant petition to review denial of insurance fraud complaint with a rule to show cause why the OAG should not pursue the investigation. Summarizing Karotka's allegations in the petition, he disputes the OAG's decision to pass on investigating what Karotka believes is a 20–year conspiracy to commit insurance fraud against him to deny his right to his deceased wife's workers' compensation benefits. Additionally, the only reference to Bordonaro is an allegation that he procured a fraudulent affidavit; there is nothing indicating that Bordonaro works for the OAG or participated in any way in the decision of the OAG to pass on the investigation of Karotka's insurance fraud claim. The remainder of Karotka's allegations are exactly the same as they have been for 20 years.

Bordonaro filed a motion to quash and a motion for sanctions, alleging that Karotka has engaged in a pattern of harassing, arbitrary and vexatious conduct against him that must be stopped. Bordonaro requested that Karotka's petition be dismissed and that Karotka be forever barred from any further legal or equitable actions seeking relief against Bordonaro arising out of Karotka's workers' compensation matter without first obtaining the approval of a judge in whatever forum such action was filed, and in the absence of approval, that Bordonaro would not be obligated to file any responsive documents to Karotka's filings. Karotka then moved to amend or change the caption in an attempt to join the OAG as a defendant.

The trial court granted the motion to quash, first reasoning that (1) the OAG was not subject to Karotka's petition; (2) even if the trial court amended the caption to join the OAG, Karotka sought mandamus relief against the OAG to compel an investigation, and consequently, the trial court could not exercise jurisdiction over that matter because this Court has jurisdiction over mandamus actions against the Commonwealth under Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1); and (3) even if the trial court could exercise jurisdiction, it could not require the OAG to perform a discretionary act such as the decision to investigate under mandamus.

In addition, treating Karotka's request of the OAG to investigate the insurance fraud claim as a private criminal complaint under Rule 506(B)(2) of the Rules of Criminal Procedure, Pa. R.Crim. P. 506(B)(2),[4] the trial court also reasoned that (1) the OAG's decision to pass on the investigation was not a gross abuse of discretion;[5] (2) in any event, the statute of limitations (5

---

4. Rule 506 of the Criminal Procedure Rules provides as follows:

  (A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

  (B) If the attorney for the Commonwealth:

    (1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

    (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

5. *Commonwealth v. Pritchard*, 408 Pa.Super. 221, 596 A.2d 827 (1991) (holding that the trial court, in its independent review of a complaint, should not interfere with the exercise of prosecutorial discretion unless it is

years) barred Karotka's claim; and (3) the claims against Bordonaro have been litigated and, at the time of the trial court's decision, were pending appeal before this Court, thereby depriving the trial court to review them under Rule 1701 of the Rules of Appellate Procedure, Pa. R.A.P. 1701.

Accordingly, the trial court quashed Karotka's petition and dismissed his motion to confirm his petition, dismissed his motion to strike, and dismissed his motion to amend/change the caption to join the OAG. It further ordered that in light of prior rulings of this Court and current appeals before this Court, Karotka was precluded from filing any further legal or equitable actions seeking relief against Bordonaro or any other named party (i.e., the Bureau and Schrimpf) and ordered the Clerk of Records of Erie County to reject any further pleadings filed by Karotka against Bordonaro unless specifically ordered to by a judge of that court. This appeal followed.

■ Karotka argues that the trial court abused its discretion by not allowing him to amend his petition to include the OAG as a defendant. Our courts have long held that the decision to grant or deny permission to amend is within the discretion of the trial court and will be reversed only upon a showing of abuse of discretion. *E.g., Burger v. Borough of Ingram,* 697 A.2d 1037 (Pa.Cmwlth.1997). In this case, the trial court lacked jurisdiction over the OAG in Karotka's mandamus action (i.e., compelling the OAG to investigate); even if it had jurisdiction, the trial court could not require the OAG, through mandamus, to exercise its prosecutorial and investigative discretion; and even assuming jurisdiction was proper and Rule 506(B)(2) of the Criminal Procedure Rules applied, the trial court could not require the OAG, even if it had authority to do so, to accept what

appeared to be Karotka's private criminal complaint absent a gross abuse of discretion by the OAG to pass on the investigation. Accordingly, the trial court did not abuse its discretion by denying Karotka's petition to amend the caption to join the OAG.

■ Next, Karotka argues that the trial court should have reviewed the OAG's decision to pass on the insurance fraud claim under Rule 506 of the Rules of Criminal Procedure. Karotka fails to consider that the trial court did review the OAG's decision to pass on the investigation and concluded that there was no gross abuse of discretion on the OAG's part to pass on the investigation. As such, this argument is without merit.

■ Karotka also argues that the trial court erred by denying relief under any other legal basis when confronted with the material facts and cited authority in Karotka's appendix. The appendix contains the facts alleged by Karotka indicating, in his view, the 20–year conspiracy to commit fraud upon him regarding his wife's workers' compensation claim. These claims have been litigated *ad nauseam* and finally decided on a number of occasions, and we give them no consideration whatsoever. Karotka has had more than his day in court, and "any continued attempt to litigate the merits of this case would be deemed frivolous."

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this *12th* day of *April,* 2005, the order of the trial court in the above-captioned matter is affirmed.

determined that there has been a gross abuse of discretion).