Mary E. KAROTKA (Deceased)
c/o Charles T. Karotka,
Petitioners

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (MILLCREEK COM-
MUNITY HOSPITAL and Home In-
surance Co.), Respondents.

Commonwealth Court of Pennsylvania.

Submitted April 22, 2005.

Decided June 22, 2005.

Reconsideration Denied Aug. 17, 2005.

Charles T. Karotka, petitioner, pro se.

Gregory J. Fischer, Pittsburgh, for re-spondents.

OPINION PER CURIAM.

Charles T. Karotka (Petitioner), repre-senting himself, appeals an order of the Workers' Compensation Appeal Board (Board) quashing his appeal from orders of Workers' Compensation Judges (WCJ) which denied his Petitions for Violations (Petitions). Because we agree Petitioner's claim is precluded by the doctrine of res judicata, we affirm.

This case has a protracted history, be-ginning with the 1985 work-related injury to Mary E. Karotka (Wife).[1] Millcreek Community Hospital (Employer) issued a Notice of Compensation Payable in 1986 and paid benefits to Wife. Employer later filed a Petition to Terminate Compensation Benefits (termination petition); however, before it was resolved, Wife died from causes not related to her work-related in-

1. A more detailed history of this litigation is set forth at length in *Karotka v. Workers'* *Comp. Appeal Bd. (Millcreek Cmty. Hosp.)*, 840 A.2d 1040 (Pa.Cmwlth.2003).

jury. The termination petition was later granted, but Wife received benefits to the date of her death.[2]

 Petitioner filed numerous petitions for penalties and/or petitions for violations. Prior to the instant Petitions, Petitioner filed:

1) Six penalty petitions alleging, among other things, a conspiracy to defraud him. These petitions were denied by the WCJ and the Board for lack of standing. This Court affirmed the denial in *Karotka v. Workers' Comp. Appeal Bd. (Millcreek Cmty. Hosp. and Home Ins.)* No. 3324 C.D.1999 (Pa.Cmwlth. December 1, 2000) (*Karotka II*), on the different grounds penalties may not be imposed in a termination proceeding. We also noted the WCJ determined Petitioner failed to prove the allegations set forth in the petitions.

2) Two penalty petitions in January 2001, raising the same issues as the original six penalty petitions. The WCJ and the Board determined these petitions were barred by res judicata. This Court affirmed in *Karotka v. Workers' Comp. Appeal Bd. (Millcreek Cmty. Hosp.)*, No. 2877 C.D.2001 (Pa.Cmwlth. March 3, 2003) (*Karotka III*).

3) A penalty petition in March 2002, again alleging a fraudulent conspiracy. This petition was denied by the WCJ, and the denial was affirmed by the Board, on the grounds of res judicata. This Court affirmed in *Karotka v. Workers' Comp. Appeal Bd. (Millcreek Cmty. Hosp.)*, 840 A.2d 1040 (Pa.Cmwlth.2003) (*Karotka IV*). There, we noted all claims brought in *Karotka IV* "have been litigated or *could have been litigated* during" *Karotka II* and *Karotka III. Karotka IV*, 840 A.2d at 1042 (emphasis in original). We further cautioned Petitioner to seek the advice of counsel prior to proceeding further or risk finding himself defending a civil action for wrongful use of civil proceedings.[3]

Now, this Court is presented with five additional Petitions filed by Petitioner, each alleging a fraudulent conspiracy against him:

(1) A July 15, 2002, Petition for Finding of Violation of the Terms of the Workers' Compensation Act (Act)[4] and/or Regulations and/or Assessment of Penalties. The WCJ denied this Petition because penalties may not be assessed in a termination proceeding where the claimant is not awarded compensation and because res judicata precludes the claims;

(2) Two identical Petitions, both filed December 20, 2002, captioned "Petition for Violations," and another Petition for Violations filed February 5, 2003. These three Petitions were consolidated by the WCJ, who determined Petitioner

---

**2.** This Court affirmed the grant of the termination petition in *Karotka v. Workers' Comp. Appeal Bd. (Millcreek Cmty. Hosp. and Home Ins.)*, No. 1764 C.D. 1998 (Pa.Cmwlth. December 22, 1999) (*Karotka I*).

**3.** In addition to these numerous petitions for penalties, Petitioner also filed a petition for review in the nature of mandamus in this Court's original jurisdiction, alleging fraud and civil conspiracy against him. We granted

the respondents' preliminary objections in that case (*Karotka v. Dep't of Labor and Indus.*, No. 692 M.D.2004 (Pa.Cmwlth. February 18, 2005) (*Karotka V*)) on the grounds Petitioner failed to make sufficient allegations to justify the extraordinary remedy of a mandamus action.

**4.** Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1–1041.4, 2051–2626.

failed to state a cause of action and the Petitions were barred by res judicata; and

(3) A fifth Petition filed on May 6, 2003, titled "Petition for Violations Authority Sec. 1110," which the WCJ denied on res judicata grounds.

Petitioner appealed the denials of all five Petitions to the Board, which consolidated the appeals. Employer made a Motion to Quash because all issues raised were previously litigated and decided. The Board, after hearing argument, granted the Motion to Quash the appeals of all five Petitions. It is from this Order Petitioner now appeals to this Court.[5]

We discern no error. As we noted in *Karotka IV*, the arguments Petitioner makes regarding the alleged fraud and conspiracy against him are, "all claims that have been litigated or *could have been litigated* during" the prior proceedings. *Karotka IV*, 840 A.2d at 1042 (emphasis in original). That Petitioner styled these Petitions in terms of "violations" rather than in terms of "penalties" is "of course, a distinction without a difference." *Karotka III*, slip op. at 3.

Accordingly, we conclude the Board did not err in quashing Petitioner's appeals on res judicata grounds.

Employer and its insurer argue they are entitled to attorneys' fee under Pa. R.A.P. 2744, which provides this Court may award a reasonable counsel fee, "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious."

In *Phillips v. Workmen's Comp. Appeal Bd. (Century Steel)*, 554 Pa. 504, 721 A.2d 1091 (1999), however, our Supreme Court held that Pa. R.A.P. 2744 did not support an attorneys' fee award against workers' compensation claimants. In essence, the Court concluded that the failure to provide for such an award in the Act made such award in a case brought under the Act improper. "Because the clear intent of Section 440 of the Act is to protect claimants from the costs of litigation, but not to provide comparable protection for employers," an attorneys' fee award against the claimant's lawyer was improper, the Court concluded. *Id.* at 510–11, 721 A.2d at 1094.[6]

Clearly, the appeals here are frivolous, and the conduct of Petitioner is obdurate and vexatious. If there was ever a case in which an award of a reasonable counsel fee on appeal should be made, this is it. However, we are constrained to deny the request based solely on our Supreme Court's direction in *Phillips*.

### O R D E R

AND NOW, this 22nd day of June, 2005, the order of the Workers' Compensation Appeal Board in the above-captioned case is **AFFIRMED**.

---

5. This Court's review is limited to a determination of whether necessary findings of fact are supported by substantial evidence, whether the Board's procedures were violated, whether constitutional rights were violated, or whether an error of law was committed. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Bey v. Workers' Comp. Appeal Bd. (Ford Elecs.)*, 801 A.2d 661 (Pa. Cmwlth.2002).

6. Justice Saylor dissented, finding Section 440 did not preclude an appellate court from assessing counsel fees against a claimant pursuant to Pa. R.A.P. 2744.