IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lavern Powell,
               Petitioner         :
                                :
            v.                  :   No. 383 C.D. 2023
                                :   Submitted: February 6, 2024
Waverly Heights (Workers'    :
Compensation Appeal Board),  :
               Respondent   :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                            FILED: March 5, 2024


Lavern Powell (Claimant) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ). In this appeal, Claimant challenges a ruling of the WCJ, which denied Claimant's request to reopen the record to admit evidence that Claimant's lower back surgery was related to her work injury. Upon review, we affirm.

## I. BACKGROUND[1]

Claimant worked for Waverly Heights (Employer) as a certified nursing assistant. On October 16, 2020, Claimant suffered a work-related injury when she slipped and fell to the ground. Employer issued an amended Notice of

---

[1] Unless stated otherwise, we adopt the factual background for this case from the WCJ's decision, which is supported by substantial evidence of record. *See* WCJ's Dec., 11/3/22.

Temporary Compensation, which provided indemnity benefits and described Claimant's injury as a contusion of the buttocks and pain to the left side of the lower back.

On March 18, 2021, Claimant filed a claim petition,[2] alleging her total disability and that her injuries included cervical spine disc protrusions with right-sided radiculopathy, lumbar spine disc protrusions with bilateral radiculopathy, and a right ankle injury. Employer answered the petition and, on June 3, 2021, filed a termination petition alleging that Claimant had fully recovered.

The WCJ held several hearings. Claimant testified on her own behalf and presented medical records and reports including MRI and x-ray results. Claimant also presented the testimony and report of David Craven, D.C. Dr. Craven is a chiropractor who treated Claimant numerous times for neck and back injuries prior to the work-related fall. Following an evaluation of Claimant on March 8, 2021, Dr. Craven concluded that Claimant was not fully recovered from her work-related injury and would likely require surgery to address the disc protrusions.

For its part, Employer presented the testimony and report of Armando Mendez, M.D., a board-certified orthopedic surgeon who examined Claimant on April 27, 2021. Dr. Mendez testified that based on his review of MRI results, Claimant's medical records, and his physical examination of Claimant, there was no evidence of lumbar or cervical disc protrusions. He concluded that Claimant suffered only a right ankle sprain, a lumbar spine sprain, and a left sacroiliac joint

---

[2] This claim petition was later amended to a review petition because the parties acknowledged that Claimant was receiving workers' compensation benefits.

2

contusion from the work-related fall and that she was fully recovered as of April 27, 2021.[3]

On April 6, 2022, the WCJ closed the record in this matter. Thereafter, on June 29, 2022, Claimant filed a review medical petition in which she alleged a worsening of her condition. Claimant sought to reopen the record to submit evidence that she underwent surgery on June 10, 2022. The WCJ denied Claimant's request to reopen the record.

On November 3, 2022, the WCJ issued her decision. The WCJ granted in part and denied in part Claimant's review petition, concluding that Claimant established that she had sustained a right ankle sprain but that she had failed to establish neck and back injuries or that her work-related injury required surgery. The WCJ granted Employer's termination petition, concluding that Claimant had fully recovered from the work-related injury as of April 27, 2021. The WCJ also dismissed as moot Claimant's review medical petition.

Regarding the nature and scope of Claimant's injuries, the WCJ found, in relevant part, Dr. Mendez to be credible and Dr. Craven not credible. Additionally, the WCJ gave two reasons for not reopening the record and dismissing the review medical petition as moot. First, the factual issue of whether Claimant's work-related injury required surgery had been addressed throughout the proceedings, and the WCJ found Dr. Craven not to be credible on that issue. Second, before the close of the record, the WCJ gave Claimant time to depose her surgeon,

_____

[3] In further support of their expert opinions, Dr. Craven and Dr. Mendez relied on medical reports and records from other providers, including Dr. Freese, Dr. Shah, and Dr. Qu. Dr. Qu saw Claimant for pain management. Claimant first saw Dr. Freese, a neurosurgeon, on April 1, 2021, to discuss treatment options. Dr. Shah became Claimant's neurosurgeon after Dr. Freese died.

Dr. Shah.  However, Claimant declined to depose Dr. Shah and instead used the time granted by the WCJ to re-depose Dr. Craven.

Claimant appealed to the Board, which affirmed.  *See* Bd.'s Op., 4/7/23. The Board discerned no error by the WCJ, either in dismissing the review medical petition or declining to reopen the record because the parties had already addressed Claimant's alleged need for surgery.  *See id.* at 7-8.  Claimant then timely petitioned this Court for review.

## II. ISSUE

Claimant has raised a single issue on appeal.  According to Claimant, the WCJ erred when the WCJ declined to reopen the record so that Claimant could submit additional evidence to prove that her work-related fall was the cause of her lower back surgery.  *See* Pet'r's Br. at 4, 7.[4]  Employer rejects this argument, noting that Claimant declined an opportunity to depose her neurosurgeon, Dr. Shah, opting instead to re-depose her chiropractor, Dr. Craven.  *See* Resp't's Br. at 17-18.

## III. DISCUSSION[5]

The WCJ has "wide latitude . . . to determine procedurally the best manner to move the petition through litigation to resolution."  *Karotka v. Workers' Comp. Appeal Bd. (Millcreek Cmty. Hosp.)*, 840 A.2d 1040, 1043 (Pa. Cmwlth. 2003) (concluding that a WCJ may decline to hold an evidentiary hearing to relitigate issues already decided).  The decision whether to reopen the record is left to the sound discretion of the WCJ and will not be reversed on appeal absent an abuse of

---

[4] Claimant's analysis of this issue is threadbare and lacks citation to pertinent legal authority.  *See* Pet'r's Br. at 6-8.

[5] "This Court's review in workers' compensation appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated."  *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 433 (Pa. Cmwlth. 2022), *appeal denied*, 290 A.3d 237 (Pa. 2023).

that discretion.  *Sherrill v. Workmen's Comp. Appeal Bd. (Sch. Dist. of Phila.)*, 624 A.2d 240, 244 (Pa. Cmwlth. 1993).  There is no abuse of discretion when a party has had ample opportunity to present the evidence yet fails to do so before the record is closed.  *See Fremont Farms v. Workmen's Comp. Appeal Bd. (Phillips)*, 608 A.2d 603, 604-05 (Pa. Cmwlth. 1992).

Throughout the proceedings, the parties introduced evidence regarding the extent of Claimant's injuries and whether she needed surgery.  For example, Dr. Craven had previously provided Claimant with chiropractic care, and first saw her after the work-related fall on March 8, 2021.  Based on his treatment of Claimant and his review of her other medical records, he concluded that Claimant suffered cervical and lumbar disc protrusions that required surgery.  Dep. Tr., 8/24/21, at 9-15; Dep. Tr., 2/3/22, at 7-14.

Employer challenged this evidence with testimony from Dr. Mendez.  Dr. Mendez conducted a physical examination of Claimant on April 27, 2021.  Dr. Mendez also reviewed medical records and test results taken after Claimant's fall.  He opined that the x-ray and MRI results showed no evidence of cervical or lumbar disc protrusions.  Dep. Tr., 12/14/21, at 29-39.  Additionally, he observed that the notations from Claimant's prior doctors' visits were inconsistent with cervical and lumbar disc protrusions.  *Id.*  The WCJ credited Dr. Mendez's testimony and, based on this substantial evidence, found that Claimant had not suffered disc protrusions that would require surgery.  WCJ's Dec., 11/3/22, at 10-11.  The WCJ also found that reopening the record for Claimant to submit evidence that she underwent surgery on June 10, 2022, was unnecessary because Dr. Craven and Dr. Mendez already extensively addressed the need for surgery, and Claimant had the opportunity to depose her surgeon, Dr. Shah, but failed to do so.  *Id.* at 11.

Moreover, *Fremont Farms* is instructive. In that case, the claimant suffered a work-related back injury for which he filed a claim petition. *Fremont Farms*, 608 A.2d at 603. The employer was given deadlines to submit a medical examination and to cross-examine the claimant's medical witness. *Id.* at 603-04. At the next hearing, three months later, upon motion of the claimant's counsel, the referee[6] closed the record because employer's counsel failed to even schedule the cross-examination and never attempted to contact claimant's counsel to schedule a medical examination. *Id.* The referee issued a decision awarding claimant weekly compensation and payments for medical expenses; the referee also awarded counsel fees for an unreasonable contest under Section 440 of the Workers' Compensation Act[7] because the employer had presented no evidence. *Id.* at 604.

On appeal, the employer argued that the referee closing the record prevented it from offering evidence on the issue of proper notice, which was relevant to avoid a finding of an unreasonable contest, and it was prevented from offering a wage statement to compute the claimant's weekly compensation benefits. *Id.* In affirming the order of the Board, we noted that the employer never informed the referee that it intended to submit evidence related to notice. *Id.* Also, the employer had ample opportunity to submit a wage statement and never even informed the referee that a wage statement was forthcoming. *Id.* Under such circumstances, we declined to find that the referee erred in closing the record. *Id.* at 604-05.

The instant case is analogous. At the December 22, 2021 hearing, the WCJ indicated that she expected that hearing to be the final hearing and for the record to be closed. Hr'g Tr., 12/22/21, at 5. However, Claimant's counsel

---

[6] Prior to 1993, Workers' Compensation Judges were called referees under the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.
[7] Added by Act of February 8, 1972, P.L. 25, 77 P.S. § 996.

represented that he would like to depose Dr. Shah to overcome Employer's hearsay objection to Dr. Shah's records. *Id.* Further, counsel represented that Dr. Shah recently told Claimant that she needed surgery. *Id.* at 8. The WCJ gave Claimant 45 days to depose Dr. Shah. *Id.* at 9-10.

The parties reconvened for a hearing on February 7, 2022. In the time between the two hearings Claimant did not depose Dr. Shah, instead opting to re-depose Dr. Craven. Hr'g Tr., 2/7/22, at 6. Still awaiting the transcript of Dr. Craven's second deposition, the WCJ relisted the matter for approximately 45 days. *Id.* at 8. On April 6, 2022, the parties again reconvened. The WCJ informed the parties that the agenda for the proceeding was the submission of additional exhibits, closing the record, and issuing a briefing schedule. Hr'g Tr., 4/6/22, at 6-7. Claimant never objected to the record being closed without evidence of Claimant's upcoming surgery. *See id.* Rather, Claimant waited until two months after the record was closed before seeking the admission of evidence related to her surgery.

## IV. CONCLUSION

At the time the WCJ closed the record, the parties had introduced substantial evidence regarding the nature and scope of Claimant's work-related injuries and whether those injuries required surgery. Moreover, Claimant was given ample time to depose Dr. Shah but declined the opportunity. Under these circumstances, we discern no abuse of the WCJ's discretion in refusing Claimant's request to reopen the record. *See Sherrill*, 624 A.2d at 244; *Fremont Farms*, 608 A.2d at 604-05; *Karotka*, 840 A.2d at 1043.

Accordingly, we affirm the Board.

_____
LORI A. DUMAS, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lavern Powell,
    Petitioner    :
             :
    v.       :  No. 383 C.D. 2023
             :
Waverly Heights (Workers'  :
Compensation Appeal Board), :
    Respondent  :

# **O R D E R**

AND NOW, this 5th day of March, 2024, the order of the Workers' Compensation Appeal Board, entered April 7, 2023 is AFFIRMED.

               _____

               LORI A. DUMAS, Judge