602 A.2d 452

**Pamela BAIRD, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (MCTEL), Respondent.**

**Pamela BAIRD, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (MCTEL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 18, 1991.

Decided Jan. 15, 1992.

Keith C. Grumbine, for petitioner.

John P. Knox, for respondent.

Before COLINS and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

These consolidated appeals are from orders of the Workmen's Compensation Appeal Board (Board) affirming the referee's dismissal of the workmen's compensation claim of Pamela Baird (Claimant) for failure to appear at a hearing and failure to prosecute the claim. We reverse and remand.

Claimant filed a claim petition on February 13, 1987, alleging a work-related injury had occurred on February 4, 1985. The defendant filed a responsive pleading denying the material allegation in Claimant's petition. Subsequently, several hearings were held by the referee concerning Claimant's petition, but the only testimony taken was Claimant's which she gave on June 9, 1987. At subsequent hearings, Claimant was represented by counsel who indi-

cated that the medical aspects of the case were quite complex and that he had not yet been able to arrange depositions and that there was an ancillary third party action pending. The Board determined that there were twelve hearings scheduled in this matter with at least eight continuances of record.

A hearing was listed for November 29, 1989 and the notice of hearing was mailed to Claimant at the address shown in her petition, 521 East Manoa Road, Havertown, Pennsylvania, 19083. In an affidavit filed with her appeal, Claimant acknowledged that she was residing at that address at all times relevant to this matter. Nevertheless, Claimant failed to show at the November 29, 1987 hearing, either personally or through counsel. Employer's counsel appeared at the hearing and requested that the referee dismiss the case for failure to appear at the hearing and for failure to prosecute the claim petition. The referee dismissed the petition, and the Board affirmed the dismissal.

█ Claimant appealed the Board's order affirming the referee's dismissal and also filed a petition for reconsideration asking the Board to reconsider its prior decision and remand the matter for a hearing. In the petition for reconsideration the Claimant averred that the attorney who had been handling her claim was no longer employed by the firm which represented her. Although the former attorney was no longer with the firm, the same firm continued to represent her on the petition for reconsideration. She also denied receiving the notice for the November 29, 1989 hearing. The Board dismissed the petition for reconsideration, and Claimant appealed to our Court.[1]

1. Our scope of review in a workmen's compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704. The scope of review from an agency's dismissal of the petition for reconsideration is simply whether the trial court committed an abuse of discretion. *P-I-E Nationwide, Inc. v. Pennsylvania Public Utility Commission*, 130 Pa.Commonwealth Ct. 270, 567 A.2d 1124 (1989).

The Claimant raises the following issues on appeal: 1) that the referee erred in dismissing her claim petition for failure to prosecute since she had waived interest on her compensation claim and there was no evidence that the Employer was prejudiced by the delay; and 2) that the Board erred in refusing to remand the petition for a hearing because Claimant did not receive notice of the last hearing.

■ Claimant argues that although this case was scheduled for hearings on numerous occasions and continued repeatedly, there are extenuating circumstances which justify a delay in prosecution. Claimant filed her workmen's compensation claim petition to avoid the tolling of the statute of limitations, but her primary focus has always been recovery through a third party action. Because the Employer would be entitled to a subrogation claim in the event that Claimant was successful in the third party action, Employer was willing to accept the strategy of pressing the third party claim.

At the hearing held on March 7, 1989 Employer's counsel explained his willingness to go along with the Claimant's failure to prosecute her workmen's compensation claim. "I realize he's got a third party case he's trying to protect. He's protecting our subrogation in that matter. So, I don't want to prejudice him in any respect. I would agree with the indefinite postponement." Hearing Transcript, March 7, 1989, p. 4. The referee then assigned the case to inactive status pending the outcome of the third party claim. At the same time, the referee directed Claimant's attorney to supply the medical reports to Employer's attorney. Claimant's attorney failed to supply those medical reports, and therefore the Employer reactivated the case. Hearings were then scheduled for June 23, 1989, and September 13, 1989, both of which were continued. Finally the case was listed for hearing on November 29, 1989 at which time the Claimant did not appear.

Section 416 of the The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 821 provides that where a party fails to appear for

a hearing without an adequate excuse, the referee shall decide the matter on the basis of the petition and evidence presented. In *Gallick v. Workmen's Compensation Appeal Board (Department of Environmental Resources, Bureau of Human Resources Management)*, 108 Pa.Commonwealth Ct. 617, 530 A.2d 945 (1987), we held that a referee did not abuse his discretion in following this procedure when the claimant's failure to attend was caused by his lack of money, telephone, and transportation. In *Gallick*, the referee was faced with a termination petition, rather than the claim petition which is at issue here. The referee's dismissal of the claim petition has effectively put Claimant out of court and we have been unwilling to invoke such a harsh consequence absent the showing of prejudice in other proceedings. See, e.g., *Poulos v. Department of Transportation*, 133 Pa.Commonwealth Ct. 322, 575 A.2d 967 (1990); *Neshaminy Constructors, Inc. v. Plymouth Township*, 132 Pa.Commonwealth Ct. 229, 572 A.2d 814 (1990); *Del–Val Electrical Inspection Service, Inc. v. Stroudsburg–East Stroudsburg Zoning & Codes Office*, 100 Pa.Commonwealth Ct. 429, 515 A.2d 75 (1986). Since the Employer in this case was willing to go along with the assignment of the claim to inactive status, we failed to see how it is prejudiced. Employer's counsel expressly acknowledged that the resolution of the third party action protected its interest.

We certainly do not mean to indicate that we are adopting a lax standard for parties who do not appear at hearings, nor that we are repudiating our holding in *Gallick*. A party who fails to appear at a referee's hearing will continue to subject herself to a decision based on the evidence of record. We merely hold that because of the harshness of the action, dismissal is only appropriate where prejudice is shown.[2] Accordingly, we reverse and remand to the referee for a hearing.

**2.** Because we believe the referee erred in dismissing this action absent a showing of prejudice, we do not need to consider Claimant's argument on the petition for reconsideration.

## ORDER

AND NOW, this 15th day of January, 1992, the orders of the Workmen's Compensation Appeal Board in the above-captioned matter are hereby reversed and remanded in accordance with the foregoing opinion.

Jurisdiction relinquished.