608 A.2d 603

**FREMONT FARMS/J. Howard Farmer and CNA Insurance Companies, Petitioners,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (PHILLIPS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 6, 1991.

Decided April 27, 1992.

John C. Jackson, for petitioners.

Joseph F. Wusinich, III, for respondent.

Before COLINS and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

Steven Phillips (claimant) suffered a work-related back injury while working for Fremont Farms (employer) on July 5, 1989. Claimant underwent back surgery on August 30, 1989, and filed a claim petition for benefits under The Pennsylvania Workmen's Compensation Act (Act)[1] on October 24, 1989. At a hearing before a referee on December 13, 1989, the referee directed claimant to submit a medical deposition within ninety days. The referee also directed employer to have its own medical examination scheduled and performed within sixty days.

At the next hearing on March 21, 1990, claimant submitted the deposition of his medical witness. Counsel for the employer failed to attend that deposition. The referee instructed employer's counsel that he had ten days to inform the referee as to whether he wished to cross-examine claimant's medical witness and forty-five days to actually perform such cross-examination, if so desired. Employer had also failed to schedule its own medical examination within the sixty-day time period previously imposed. The referee granted employer an additional thirty days in which to schedule and perform a medical examination, and informed employer's counsel that he would accept a motion from claimant's counsel to close the record at the next hearing if the examination was not performed.[2]

At the last hearing on June 27, 1990, the referee indicated that he had received a letter from employer's counsel on March 22 indicating his desire to cross-examine claimant's medical witness. As of the date of the hearing, however,

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.
2. Employer asserts in its brief that it was not warned that the record would be closed at the June 27, 1990 hearing. This assertion is simply not true. *See* Transcript of Hearing of March 21, 1990, pp. 8–9.

employer's counsel had failed to perform or even schedule such cross-examination. Employer also could produce no evidence that it had made any attempt to contact claimant or his attorney in order to schedule its own medical examination. Upon a motion by claimant's counsel, the referee closed the record.

The referee subsequently issued a decision awarding claimant weekly compensation and payments for medical expenses. The decision also awarded counsel fees for an unreasonable contest under Section 440 of the Act,[3] since employer had presented no evidence. Employer appealed this decision to the Workmen's Compensation Appeal Board which affirmed.[4]

On appeal to this court, employer does not contest the fact that claimant suffered a work-related injury. Instead employer argues that it was precluded by the closing of the record from offering evidence on the issue of proper notice in order to avoid the finding of unreasonable contest, and from offering a wage statement for the purposes of computing claimant's weekly compensation benefits. Employer seeks a remand so that it may present such evidence.

In order to obtain compensation, a claimant must provide notice of a work-related injury to the employer within 120 days of the date the claimant knew or should have known that he had an injury which might be work-related. Section 311 of the Act, 77 P.S. § 631. Claimant testified before the referee that he notified employer the day of his injury. In the three hearings that occurred in this case, employer never indicated that it wished to present testimony contradicting claimant's testimony as to notice. Even when employer knew that the referee was contemplating closing the record, employer did not inform the referee that it wished

3. Added by Act of February 8, 1972, P.L. 25, 77 P.S. § 996.
4. Sometime after the last hearing, employer retained new counsel to pursue this appeal. In its brief, employer asserts that it "was never provided with a transcript" of the June 27 hearing and is not aware if such a transcript even exists. This is difficult to understand since the transcript of the final hearing appears in the original record. In any event, employer apparently makes its arguments to this court without having examined the transcript of the final hearing.

to present such evidence. We do not see how we can conclude that the referee erred under these circumstances where he was not even informed by employer that it wished to offer evidence on this particular issue.[5]

We must reach a similar conclusion as to the wage statement. Employer's counsel indicated early in the first hearing that he would produce a wage statement, yet none was ever produced, and the referee based his award on claimant's testimony as to what his wages were. Employer had ample opportunity to present a wage statement and, again, when employer's counsel knew that the record was about to be closed, counsel did not inform the referee that a wage statement was forthcoming.

We note that this case is distinguishable from a recent case cited by employer, *Essi International, Inc. v. Workmen's Compensation Appeal Board (Bowman),* 132 Pa.Commonwealth Ct. 573, 573 A.2d 677 (1990), where this court remanded because of a premature closing of the record. In that case, we relied on the fact that both parties intended to introduce further evidence when the record was closed. We also note that the employer in *Essi* did not repeatedly fail to meet deadlines imposed by the referee and was not warned by the referee that the record would be closed if it failed to meet a deadline. Instead the referee notified the parties by mail that the next hearing would be the last hearing.

For the foregoing reasons, we affirm the order of the board.

### ORDER

NOW, this 27th day of April, 1992, the order of the Workmen's Compensation Appeal Board, dated April 1, 1991, at No. A90–2327, is affirmed.

5. We also note that the claim petition in this case was stamped as received by the Bureau of Workers' Compensation on October 24, 1989, 111 days after the injury. Employer does not allege that it was not timely served with the claim petition. Furthermore, at the December 13, 1989 hearing, employer's counsel agreed that employer had knowledge as of October 25, 1989, that claimant was represented by an attorney. Transcript of Hearing of December 13, 1989, p. 26.