**Lawrence PURVIS, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (DEL RAN BUILDERS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 21, 1995.

Decided Aug. 31, 1995.

---

F. Barbara Danien, for petitioner.

Robert F. Kelly, Jr., for respondent.

Before McGINLEY and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

The case currently before this Court is an appeal of the Workmen's Compensation Appeal Board decision which affirmed the decision of the Worker's Compensation referee dismissing Lawrence Purvis's claim petition.

The question presented involves the referee's decision to dismiss the claim petition when Purvis did not appear for additional cross-examination after notices for two separate hearings were issued. The referee's findings of fact set forth the scenario for the dismissal and are not contested by Purvis:

1. Lawrence Purvis, the Claimant, was employed as a carpenter by the Defendant Del Ran Builders at an average weekly wage of $883.20 a week.

2. On May 12, 1987 while in the course and scope of his employment he allegedly suffered a fall incurring a cervical and lumbosacral sprain and strain.

3. Claimant returned to work May 18 or 19, 1987 and worked until June 3, 1987 when he voluntarily left Defendant's employment although Claimant alleges he left the Defendant's employment because he could not perform the duties he was given to do after the work-related injury which duties were "basically on the same level I performed before my injury." The Claimant alleged he was supposed to do light duty work.

4. The Claimant alleged he was unable to work thereafter.

5. The Defendant, on June 21, 1989 offered the testimony of James Smith, credit manager of Integrity Tile Co. that he saw Claimant buying building material (ceramic tile, marble etc.) in January or February of 1988. Mr. Smith testified that the Claimant gave him a bad check dated June 18, 1988 for materials with an invoice date of June 17, 1988. Mr. Smith testified that the sale to the Claimant was entered as a "wholesale taxable customer" and that the materials the Claimant purchased and picked up June 17, 1988 were the following:

A. "On June 17th, 1988 30 sheets of wonderboard, 90 feet of mid state 108 almond tile, which is a square foot, one square foot, your Honor. The [sic] was 90 square feet of the 108, 90 square feet of 107 beige, 90 feet of another material which is called vanilla, 220 square feet of monorex, which is also a 12 by 12 building material of tile, whether it be used on the floor or a wall. One two gallon pail of mastic, which is an adhesive material that is used primarily for the installation of said tile, whether it be stone, granite or marble or ceramic tile and also three tape units that are used in the same construction".

Q. Where was this material to be shipped to?

A. It was not shipped. It was picked up by the individual, sir.

Q. Mr. Purvis picked it up?

A. That's correct.

6. James Smith testified that just prior to a court proceeding concerning the bad check the Claimant told him he had not been paid for work done and therefore did not have the funds to pay him (Smith).

7. The Defendant's counsel indicated to the Referee at the conclusion of Mr. Smith's testimony that he wished to con-

duct further cross-examination of the Claimant and a hearing was schedule for May 17, 1990.

8. Notice of scheduled hearing was sent by the U.S. Mail to Claimant, Claimant's attorney and Defendant's attorney by the Worker's Compensation Bureau on April 23, 1990 and Claimant's copy of the notice was not returned by the Post Office Department.

9. Defendant mailed Claimant's attorney a letter dated April 26, 1990 requesting Claimant [sic] appearance at the scheduled hearing for purposes of cross-examination, a previous hearing having been continued at the personal request of Defendant's attorney for a funeral of a friend.

10. The Claimant failed to appear at the May 17, 1991 [sic] scheduled hearing and offered no excuse for his non appearance.

11. The Referee advised the Claimant's attorney to write to the Claimant and tell him to appear for cross-examination at the next listing or the case would be dismissed with prejudice.

12. Notice of a hearing scheduled for September 25, 1990 was sent to Claimant, Claimant's attorney and the Defendant's attorney on July 26, 1990 Claimant's notice was not returned by the Post Office Department.

13. Defendant's attorney sent Claimant's attorney a letter dated August 14, 1990 reminding him that this Referee had stated at the last hearing when the Claimant failed to appear that if the Claimant failed to appear at the next hearing the case would be dismissed "with prejudice" and that this Referee had advised Claimant's attorney to send the Claimant notice of the hearing and of the possibility his case would be dismissed if he failed to appear.

14. Claimant failed to appear at the September 25, 1990 scheduled hearing and no excuse was offered for his non-appearance.

15. Claimant's counsel informed this Referee that Claimant had been notified by letter dated August 22, 1990 to be present for the scheduled hearing and the letter had not been returned by the Post Office Department.

■ Purvis does not argue that these facts are unsupported by substantial evidence. It is the function of this Court, then, to determine whether there has been an error of law or a violation of constitutional rights. *Majesky v. Workmen's Compensation Appeal Board (Transit America)*, 141 Pa.Commonwealth Ct. 398, 595 A.2d 761 (1991).

■ Purvis argues that the referee abused his discretion when he dismissed the claim. We do not agree. Purvis was given ample notice of both hearings and a specific warning of the consequences if he did not appear.

We also do not agree with Purvis' contention that the referee should have made findings of fact on the merits of his claim petition because Purvis had already presented his case. In support of this contention, Purvis reminds us of the humanitarian purpose of the Act.[1] However, the evidence presented by the employer at the hearing created at least a doubt concerning Purvis' assertion that he was totally disabled as of June 1, 1987 and remained totally disabled. It may also have created considerable doubt concerning Purvis' entire claim.

Purvis nonetheless argues that the remedy of dismissal was too harsh and that the referee should have proceeded to make findings on the claim petition and answer. This contention is rejected because the referee obviously was not in a position to make meaningful findings, since Purvis ignored the notices to appear for further cross-examination.[2]

This Court has recently had occasion to review some of the cases involving the discretion of a referee in controlling the production or non-production of evidence and the right to dismiss a case or close the evidence. *Ci-*

---

1. The Pennsylvania Workmens' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

2. We also note that neither Purvis nor his attorney made any explanation for Purvis' absence from the two hearings. The referee therefore had no assurance that another continuance would result in the appearance of Purvis.

*pollini v. Workmen's Compensation Appeal Board (Philadelphia Electric Company)*, 167 Pa.Commonwealth Ct. 25, 647 A.2d 608 (1994). We see no reason to repeat that review here.

The referee had the authority to dismiss the case and did not abuse his discretion in doing so.

We affirm.

### ORDER

AND NOW, this 31st day of August, 1995, the order of the Workmen's Compensation Appeal Board, No. A91–1703, dated February 21, 1995, is hereby affirmed.