**David D. WAGNER, II, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (TY CONSTRUCTION CO., INC. and Erie Insurance), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 1, 2013.

Decided Jan. 3, 2014.

W. Scott Henning, Harrisburg, for petitioner.

Shawn C. Gooden, Harrisburg, for respondent Ty Construction Co., Inc.

BEFORE: LEADBETTER, Judge, and LEAVITT, Judge, and COVEY, Judge.

OPINION BY Judge LEAVITT.

David D. Wagner, II, (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) dismissing his claim petition because he did not present his medical evidence in accordance with the schedule set by the Workers' Compensation Judge (WCJ). The Board affirmed the WCJ's dismissal because Claimant did not meet the WCJ's deadline for making his expert

available for deposition. Because the WCJ gave no consideration to the delays occasioned at the employer's request and because there was no evidence of prejudice to the employer, we reverse and remand for further proceedings.

On March 28, 2011, Claimant filed a claim petition alleging that his small cell lung cancer, diagnosed in January 2011, was caused by his exposure to paint chemicals while working for Ty Construction Co., Inc. (Employer). Claimant requested total disability benefits and payment of his medical expenses. Employer filed an answer denying the allegations.[1]

The matter was assigned to a WCJ who held the initial hearing on April 11, 2011. The WCJ told the parties to "[s]tart getting your medicals done now, because it's going to be a long case." Reproduced Record at 19a (R.R. ____). The case was then transferred to another WCJ, who held a hearing on June 14, 2011. At this hearing, Claimant's counsel reported that he was waiting for Claimant's treating oncologist to issue a report that Claimant's cancer was caused by his exposure to paint chemicals in the workplace. Employer agreed to provide documentation regarding the chemicals it uses so that Claimant's oncologist could review that information. The parties also agreed that Employer would not schedule an independent medical examination (IME) until it received the report from Claimant's oncologist.

One month later, at a July 19, 2011, hearing before the WCJ, Employer moved to dismiss the claim petition because Claimant had not produced the report from his oncologist. Claimant's counsel responded that he had learned only one week earlier that Claimant's oncologist

---

1. Employer filed a joinder petition alleging that any injury Claimant may have sustained was attributable to his employment with Remco, Inc. The WCJ eventually dismissed Remco from the litigation. Remco's dismissal is not an issue in the present appeal.

"flatly refused to become involved in any legal matters" and, therefore, would not provide a medical report. R.R. 37a. Counsel stated that since learning of that fact, he began a search for an opinion from an industrial hygienist. The WCJ denied Employer's motion and directed Claimant's counsel to schedule a deposition within the month, *i.e.*, by August 19, 2011. Claimant then testified in support of his petition, and the hearing adjourned.

At the next hearing on August 23, 2011, Employer renewed its motion to dismiss. However, the WCJ gave Claimant another 30 days to produce a medical report. Accordingly, the WCJ issued a written order directing Claimant's counsel to "submit medical evidence" no later than September 24, 2011, or his client would face a dismissal. R.R. 87a. Claimant produced a medical report on causation from a pulmonologist at Hershey Medical Center on September 22, 2011, and scheduled her deposition for October 2, 2011.

The next hearing before the WCJ was held on May 15, 2012.[2] Counsel explained that Employer had requested a delay in the deposition scheduled for Claimant's expert so that Employer could first obtain an IME of Claimant. Employer's medical expert produced the IME report on January 5, 2012. Because the deposition of Claimant's expert had not yet been held, Employer moved to dismiss the claim petition.

Claimant's counsel responded that he had been "trying valiantly to reschedule" the deposition since receiving Employer's IME report in January, but he was having difficulty because his expert personally scheduled her depositions and she was a busy practitioner. He also noted that her deposition had been scheduled for October 2, 2011, but was postponed at Employer's request. Finally, Claimant's counsel noted that because Employer's owner would be offering testimony about the paints and chemicals used in his business, it would make sense to schedule the medical deposition after the deposition of Employer's owner.

The WCJ granted Employer's motion to dismiss because Claimant had failed "to produce supportive evidence within the time limit set by this [WCJ]." WCJ Decision, July 12, 2012, at 1; Order. Specifically, the WCJ found as follows:

On July 19, 2011, *this [WCJ] ordered that the evidence in this case, in the form of a deposition, be produced by August 19, 2011.* Said evidence was not produced within the time limit set by this [WCJ], pursuant to Act 147 [Act of November 9, 2006, P.L. 1362] and the Special Rules of Administrative Practice and Procedures before [WCJs] as ordered at trial.

WCJ Decision, July 12, 2012, at 1; Record No. 2 (emphasis added).

Claimant appealed, and the Board affirmed. Noting that a WCJ is permitted to close the evidentiary record when a party does not comply with time limits set by the WCJ, the Board affirmed the WCJ's exercise of discretion. The Board further noted that it was of no moment that Employer may not have been prejudiced by Claimant's failure to schedule the deposition because such a showing is not required where a claimant has repeatedly failed to meet deadlines imposed by the WCJ. Claimant then petitioned for this Court's review.[3]

2. The WCJ was on a medical leave of absence from January 2012 to May 2012. R.R. 128a.

3. This Court's review of an order of the Board is limited to determining whether the neces-

sary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *City of Philadelphia v. Workers' Compensation*

On appeal, Claimant argues that the Board erred in imposing the very harsh penalty of a dismissal. The record contains no evidence that Employer was prejudiced by the unforeseen delays in Claimant's submission of medical evidence. In any case, part of the delay was occasioned by Employer, who took months to produce an IME report. Further, the Board gave no consideration to the fact that Claimant's counsel was using his best efforts to meet the WCJ's deadlines and that his inability to succeed was not his fault. Employer rejoins that Claimant was given ample opportunity to secure his medical evidence and, thus, it is irrelevant whether Employer was prejudiced.

In a claim petition proceeding, the claimant bears the burden of establishing all the necessary elements to support an award. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 141, 634 A.2d 592, 595 (1993). The claimant must prove that he sustained a work-related injury and, when there is no obvious causal connection between the injury and the alleged work-related cause, unequivocal medical evidence is necessary to establish that connection. *Degraw v. Workers' Compensation Appeal Board (Redner's Warehouse Markets, Inc.)*, 926 A.2d 997, 1000 (Pa.Cmwlth.2007).

The Special Rules of Administrative Practice and Procedure Before Workers' Compensation Judges govern procedures and have as their main purpose "to promote, consistent with fairness and due process, the orderly and expeditious determination of proceedings before [WCJs] under the act and the Disease Law to implement the remedial intent of the act and the Disease Law." 34 Pa.Code § 131.1(a). The WCJ "may, for good cause, waive or modify" time deadlines. 34 Pa.Code § 131.3(a).

This includes deadlines for submitting medical evidence, to wit:

> The deposition of a medical expert testifying for the moving party shall be taken within 90 days of the date of the first hearing scheduled *unless the time is extended or shortened by the [WCJ] for good cause shown.*

34 Pa.Code § 131.63(c) (emphasis added). As has been observed,

> [The Special Rules] give the WCJ who wishes to enforce them significant power over the scheduling, prosecution and defense of the litigated case.... [The Special Rules] must be tempered, however, by recalling the pervasive doctrine that the interests of justice are not to be defeated in the course of litigated workers' compensation proceedings.... *With regard to lack of prosecution, the WCJ is not to dismiss a case unless there is "prejudice" shown by the moving party.*

DAVID B. TORREY AND ANDREW E. GREENBERG, WORKERS' COMPENSATION LAW AND PRACTICE § 13:119 (West, 2008) (emphasis added).

This Court has explained that "it is within the WCJ's discretion to control his docket by ordering parties to comply with litigation in a timely manner." *US Airways v. Workers' Compensation Appeal Board (McConnell)*, 870 A.2d 418, 423 (Pa.Cmwlth.2005). If they do not comply, the WCJ may close the record and preclude the submission of evidence, provided he first warns the parties that the record will close. *Fremont Farms v. Workmen's Compensation Appeal Board (Phillips)*, 147 Pa.Cmwlth. 467, 608 A.2d 603 (1992). Nevertheless, a WCJ's dismissal of a petition for lack of prosecution can be set aside for abuse of discretion. *Baird v. Workmen's Compensation Appeal Board*

*Appeal Board (Brown)*, 830 A.2d 649, 653 n. 2 (Pa.Cmwlth.2003).

*(MCTEL),* 145 Pa.Cmwlth. 69, 602 A.2d 452 (1992).

In *Baird,* the claimant did not offer any medical evidence in support of her claim petition over the course of two years because she was also pursuing a recovery in a third party tort action. The employer agreed to an indefinite postponement of the claim petition, pending the outcome of the third party case, because the claimant was protecting its subrogation interest in that litigation. However, the employer reactivated the workers' compensation case when the claimant did not provide it medical reports, as had been directed by the WCJ. When the claimant did not appear for a hearing, the WCJ granted the employer's motion to dismiss the claim petition for failure to prosecute. This Court reversed, holding that "because of the harshness of the action, *dismissal is only appropriate where prejudice is shown." Id.* at 454 (emphasis added). We found no prejudice because the employer had agreed to postpone the claim petition and because resolution of the third party action protected the employer's interest.

In *US Airways,* 870 A.2d 418, the WCJ dismissed a claim petition for lack of prosecution because the claimant failed to attend three separately scheduled IMEs in violation of the WCJ's order. The Board affirmed the WCJ's dismissal, but it deleted the words "with prejudice" from the WCJ's order, making it possible for the claimant to pursue compensation in another petition. This Court reinstated the dismissal "with prejudice" because the WCJ had found, as fact, that the employer had been prejudiced by its inability to obtain an IME before the claimant's impending hip surgery. We explained:

Thus, *because the WCJ properly found that the ongoing delay caused by Claim-*

ant *was prejudicial to Employer,* and because it is within the WCJ's discretion to control his docket by ordering parties to comply with litigation in a timely manner, we hold that the Board erred in ordering the deletion of the words "with prejudice" from the WCJ's order.

*Id.* at 423 (emphasis added).

Claimant argues that *Baird* and *US Airways* teach that there must be a finding of prejudice to the employer before a claim petition can be dismissed for lack of prosecution. Here, there was no finding of prejudice, and there was none because the parties were still gathering and presenting their evidence. The deposition of Claimant's expert was not the only outstanding item.

For its part, Employer argues that *Baird* and *US Airways* are not controlling. It relies, instead, upon *Cipollini v. Workmen's Compensation Appeal Board (Philadelphia Electric Company),* 167 Pa. Cmwlth. 25, 647 A.2d 608 (1994).

In *Cipollini,* this Court upheld the WCJ's dismissal of the claimant's claim petition where, over the employer's strenuous objections, the WCJ had continued the case several times to allow the claimant an opportunity to depose fact and medical witnesses. The claimant's counsel disregarded the WCJ's deadlines, admitting that he had not taken any action on the case. He did not "schedule the deposition of [his] medical witness" despite being warned that the record would close. *Id.* at 611. The WCJ dismissed the claim petition because of "counsel's obvious lack of trying." *Id.* at 611 n. 8. This Court affirmed the dismissal even though the claimant's "misfortune resulted *solely from her counsel's failure to act* on [ample] opportunities" to present her case. *Id.* at 611 (emphasis added).[4] We rejected the

4. *See also Purvis v. Workmen's Compensation*     *Appeal Board (Del Ran Builders),* 664 A.2d

claimant's argument that, under *Baird*, dismissal was improper because there was no explicit finding of prejudice to the employer. We noted, further, that unlike the employer in *Baird*, the employer in *Cipollini* had objected to continuances.

On balance, the precedent does not support a dismissal of Claimant's claim petition. *Baird* established that a claimant will not be placed out of court unless the employer can establish prejudice, and *US Airways* confirmed that principle. Prejudice was established in *US Airways* because the claimant's refusal to attend an IME left the employer unable to obtain critical medical evidence before the claimant's surgery. *Cipollini* did not establish that prejudice is an irrelevant consideration. Nor did it establish that a WCJ may dismiss a claim petition simply because the employer objects to a continuance. The dispositive fact in *Cipollini* was that the claimant's counsel did not try to schedule a medical deposition.

The facts in this case are different. Claimant's counsel encountered an unforeseen hurdle when he learned in July 2011 that Claimant's treating oncologist would not participate in litigation in any way. Claimant was given one month to schedule a medical deposition, which was a tight schedule, considering that Claimant had, first, to find a new expert, who cannot be expected to author a reliable medical report overnight.

The WCJ's sole factual finding to support his dismissal was that Claimant did not abide by the WCJ's order to have a medical deposition by August 19, 2011. This finding is inconsistent with the record. The WCJ seems to have forgotten that he extended this deadline to September 24, 2011, and he overlooked Employer's acknowledgement that Claimant's medical report met that deadline. The WCJ also overlooked the fact that Claimant had arranged for the deposition of his expert for October 2, 2011. That deposition did not take place only because *Employer requested* a continuance. In fact, the deposition had to be delayed for three months while the parties waited for Employer's physician to produce an IME report. Claimant's counsel told the WCJ that he was working diligently to reschedule the deposition of Claimant's expert, and Employer did not dispute this representation of Claimant's efforts.

In *Cipollini*, the delays were all caused by the claimant's counsel, who "did not try" to meet the WCJ's schedule. By contrast, here, Claimant's counsel met the WCJ's schedule for producing a medical report; had successfully scheduled the medical deposition once; and was actively trying to reschedule the deposition. Further, a significant part of the delay was caused by Employer's expert.

Employer learned the lesson of *Cipollini* and, thus, repeatedly moved to dismiss the claim petition. *Cipollini* was not intended to relieve attorneys of the need to be professional and respectful of opposing counsel's challenges. Employer's counsel asked Claimant's counsel to cancel the scheduled deposition of Claimant's expert, and he complied with the request. The parties then waited over three months for Employer's expert to produce an IME re-

235 (Pa.Cmwlth.1995) (holding that the WCJ did not abuse his discretion in dismissing a claim petition where the claimant failed to appear at two hearings without explanation); *Clayton v. Workers' Compensation Appeal Board (Carpentry Concepts, Inc.)*, 881 A.2d 51 (Pa.Cmwlth.2005) (upholding the dismissal of a claim petition with prejudice because of the claimant's "dilatory" behavior of failing, despite being given three extensions by the WCJ, to produce any evidence in support of his claim, either through his own testimony or medical evidence, and failing to appear for the final hearing without explanation).

port. *Cipollini* does not stand for the principle that delays occasioned by the employer's expert must be suffered, but those occasioned by the claimant's expert will not be.

*US Airways* and *Cipollini* involved the conduct of persons responsible for the prosecution of the case: the claimant and the claimant's counsel. The claimant in *US Airways* refused to attend three different IMEs in defiance of the WCJ's order. The counsel in *Cipollini* was found "not to be trying" and offered no explanation for his phlegmatic performance. There must be more flexibility in dealing with a third party expert, whose performance is beyond the direct control of either the claimant or the employer. At some point, the inability of a party to produce a medical expert for deposition must have consequences. It may be that the evidence will not be admissible or, in the appropriate case, a petition will be dismissed.

*Baird* established that a claim petition will not be dismissed for lack of prosecution without evidence of prejudice to the employer.[5] *Cipollini* is the exception to this rule, but it applies where the evidence shows that the claimant's counsel is "not trying" to advance the case. Here, Claimant's counsel attempted to reschedule the deposition of his medical expert, a point conceded by Employer. On these facts, the *Cipollini* exception does not apply. Given the lack of any prejudice to Employer, we hold that the WCJ abused his discretion by dismissing the claim petition.

Accordingly, we reverse the Board's order and remand the matter to the Board, with instructions to remand to the WCJ

for further proceedings on the merits of Claimant's claim petition.

### ORDER

AND NOW, this 3rd day of January, 2014, the order of the Workers' Compensation Appeal Board dated June 14, 2013, in the above captioned matter is hereby REVERSED and the matter is REMANDED for purposes consistent with the foregoing opinion.

Jurisdiction relinquished.

---

5. There was no prejudice alleged or shown in this case. Employer argued only inconvenience, complaining that Claimant was "wasting everybody's time." R.R. 39a. In this regard, Employer failed to acknowledge the "waste of time" occasioned by its own medical expert, which was comparable to the delay caused by Claimant's expert. The case was not over because there were other depositions yet to be taken. In sum, prejudice is not present.