IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edgar Alvarado, : 
    Petitioner : 
   : 
    v. : Nos. 2485 and 2486 C.D. 2015
     : Submitted: May 27, 2016
Workers' Compensation Appeal : 
Board (Badilla Construction and : 
First General Services of : 
Northeastern Pennsylvania), : 
    Respondents : 


BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
     HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI     FILED: June 21, 2016


   Edgar Alvarado (Claimant) petitions for review of two orders of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) orders dismissing with prejudice two claim petitions for benefits under the Pennsylvania Workers' Compensation Act (Act) [1] because Claimant and his counsel failed to appear at several hearings and failed to comply with the WCJ's scheduling order. We vacate the orders and remand the matter for further proceedings.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

On August 27, 2011, while employed by Badilla Construction (Badilla) as a construction worker, Claimant purportedly sustained injuries in the nature of right leg and knee injuries, foot swelling and pain, a calcaneal fracture, and a mild head injury. Alleging that those injuries occurred during the course and scope of his employment, Claimant filed a claim petition against Badilla seeking payment of medical bills, attorney's fees, and full and partial disability benefits. On the same day, Claimant also filed a claim petition against First General Services of Northeastern Pennsylvania and its insurer (collectively, First General), alleging Badilla was performing services for First General at the time of the alleged incident and that it was Claimant's statutory employer. Badilla and First General (collectively, Employers) separately filed Answers denying that the incident occurred in the course and scope of Claimant's employment.

On September 9, 2013, a hearing was held at which Employers' counsel were physically present, Claimant was not present and his counsel participated by telephone. During the hearing, Claimant's counsel indicated the possibility of filing a claim against the Uninsured Employer Guaranty Fund (Fund) because Badilla was uninsured at the time of the incident. Further, Claimant's counsel and Employers indicated that Claimant had not undergone a medical examination by any party. At the hearing's conclusion, the WCJ consolidated both matters and directed Employers to have a medical examination prepared within 45 days and for Claimant to do the same within 90 days. No testimony or exhibits were presented by any party.

2

On November 19, 2013, a hearing was held at which Employers' counsel was present and Claimant's counsel participated by telephone. Claimant, again, was not present. During the hearing, Claimant's counsel stated that Claimant was proceeding against First General based on its contention that it was Claimant's statutory employer at the time of the accident, and that even though Badilla was uninsured, Claimant would not be filing a workers' compensation claim with the Fund. Claimant's counsel also informed the WCJ that Claimant did not undergo any medical examination as of that date by either party. The WCJ granted Claimant's request to bifurcate the matter regarding whether First General was Claimant's employer, stated that he "will give everybody some extra time on the medicals,"[2] advised that Claimant would be expected to testify at the next hearing, and scheduled mandatory mediation for all parties involved. No testimony or exhibits were presented by any party at the hearing.

On February 25, 2014, a hearing was scheduled before the WCJ. Neither Claimant nor his counsel appeared at the hearing. The WCJ went on record stating that the matter was dismissed with prejudice reasoning:

> This case has previously had --- I'm looking at one, two --- this is the third listing. Fourth listing. Excuse me. And it was listed today for ten o'clock. It's five minutes after eleven. Nobody is here. My understanding, since this was previously listed in front of Judge Hemak and he dismissed it for failure to appear. And I am going to do the same thing. And at this point, this matter is dismissed.

---

[2] Supplemental Reproduced Record (S.R.R.) at 24b.

3

(S.R.R. at 33b-34b.)  No testimony or exhibits were presented by any party at the hearing.  On March 4, 2014, the WCJ circulated identical orders for both matters stating:

> AND NOW, upon the failure of Claimant or his counsel to appear repeatedly at hearings and upon violation of a scheduling order given by this Judge on September 9, 2013, it is ORDERED that this matter is DISMISSED WITH PREJUDICE.

(Reproduced Record (R.R.) at 43a.)  No further reasoning or findings of fact were provided by the WCJ or included in the order.[3]

---

[3] The second page of each circulated decision provides a list of hearings.  The WCJ listed seven hearings scheduled for the claim petition against First General:

| | | |
|---|---|---|
| 02/25/2014 | 10:00:00 | Canceled |
| 02/25/2014 | 10:00:00 | Conducted |
| 01/10/2014 | 14:00:00 | Conducted |
| 11/19/2013 | 15:30:00 | Conducted |
| 09/09/2013 | 10:45:00 | Conducted |
| 08/16/2013 | 15:20:00 | Canceled |
| 07/23/2013 | 13:45:00 | Canceled |

(R.R. at 41a.)  The WCJ listed four hearings scheduled for the claim petition against Badilla:

| | | |
|---|---|---|
| 02/25/2014 | 10:15:00 | Conducted |
| 01/10/2014 | 14:20:00 | Conducted |
| 09/09/2013 | 10:45:00 | Conducted |
| 08/16/2013 | 15:20:00 | Canceled |

(R.R. at 45a.)

Claimant timely appealed to the Board, contending that the WCJ erred when dismissing both matters with prejudice. The Board affirmed the WCJ's decision because Claimant showed a lack of diligence in prosecuting his case and the record failed to demonstrate any extenuating circumstance to justify this dilatory behavior. Claimant then timely[4] filed this petition for review.[5]

Claimant's main contention is that the WCJ's order dismissing both matters with prejudice was an abuse of discretion because the WCJ failed to provide findings demonstrating that his non-appearance at the hearing was prejudicial to either Badilla or First General, and there is no evidence to support that his non-appearance at just one hearing showed that Claimant was not prosecuting his claim petitions. Specifically, Claimant contends that the WCJ's reasoning for the dismissal of both matters is clearly erroneous because his prior claim petition was not dismissed for a lack of prosecution and was, instead, deemed withdrawn, and because the WCJ incorrectly reasoned that Claimant missed several hearings when in actuality he only failed to appear at the February 2014 hearing. Regarding dismissal of a claim petition, this Court has explained:

> "[I]t is within the WCJ's discretion to control his
> docket by ordering parties to comply with litigation in a

---

[4] First General contends that Claimant's appeal is untimely because his petition was processed by this Court on November 30, 2015, which is beyond the 30th day from the Board's circulated decision on October 28, 2015. However, the record demonstrates that Claimant's petition was filed on or before November 26, 2016.

[5] Our scope of review in a workers' compensation appeal is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *City of Scranton v. Workers' Compensation Appeal Board (Roche)*, 909 A.2d 485, 486 n.1 (Pa. Cmwlth. 2006).

timely manner." *US Airways v. Workers' Compensation Appeal Board (McConnell)*, 870 A.2d 418, 423 (Pa. Cmwlth. 2005). If they do not comply, the WCJ may close the record and preclude the submission of evidence, provided he first warns the parties that the record will close. *Fremont Farms v. Workmen's Compensation Appeal Board (Phillips)*, 608 A.2d 603 (Pa. Cmwlth. 1992). Nevertheless, a WCJ's dismissal of a petition for lack of prosecution can be set aside for abuse of discretion. *Baird v. Workmen's Compensation Appeal Board (MCTEL)*, 602 A.2d 452 (Pa. Cmwlth. 1992).

*Wagner v. Workers' Compensation Appeal Board (Ty Construction Company)*, 83 A.3d 1095, 1098-99 (Pa. Cmwlth. 2014).

In *Ty Construction Company*, we conducted an extensive review of our case law regarding when it was an abuse of discretion for a WCJ to dismiss an appeal with prejudice for failure to comply with scheduling orders. Citing to *MCTEL*, where a WCJ dismissed a claim petition where a claimant did not provide medical reports as had been directed by the WCJ and did not appear for a hearing but there had not been a showing of prejudice to employer, we held that the WCJ's dismissal was an abuse of discretion "because of the harshness of the action, dismissal is only appropriate where prejudice is shown." *Ty Construction Company*, 83 A.3d at 1099 (citing *MCTEL*, 602 A.2d at 454). However, we recognized that there was an exception to this rule "where the evidence shows that the claimant's counsel is 'not trying' to advance the case." *Ty Construction Company*, 83 A.3d at 1101 (citing *Cipollini v. Workmen's Compensation Appeal Board (Philadelphia Electric Company)*, 647 A.2d 608 (Pa. Cmwlth. 1994)) (affirming the WCJ's dismissal of a claimant's claim petition despite there being no explicit findings of prejudice to the employer where deadlines were repeatedly

6

continued and then disregarded by claimant's counsel and it was additionally admitted that he had not taken any action on the case).

No one is contending that any of the purported non-appearances by Claimant caused any prejudice to Employer; the only issue here is did Claimant not diligently advance the case. The only reasons that the WCJ gave for dismissing the action was his belief that Claimant or his counsel failed to appear repeatedly at hearings and one violation of a scheduling order. In the reproduced record and his brief, Claimant sets forth numerous documents challenging the WCJ's finding that he failed to appear at hearings. However, none of those documents are part of the certified record, which is understandable given that the WCJ took the action without giving notice or opportunity to Claimant or his Counsel that his appeal was going to be dismissed. Nonetheless, those documents cannot be considered by the Court in disposing of this appeal because they are not part of the certified record. *See B.K. v. Department of Public Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012) ("An appellate court is limited to considering only those facts that have been duly certified in the record on appeal. For purposes of appellate review, that which is not part of the certified record does not exist.").

Accordingly, because Claimant was not "warned" that his appeal was going to be dismissed, not given a hearing to challenge the conclusion that he failed to appear at the other hearings that the WCJ stated that he did not appear, and not given an opportunity to explain his non-appearance at the February 25, 2014 hearing, this matter is vacated and remanded to the Board with instruction to

7

remand to the WCJ to take evidence and make the appropriate findings regarding the issue of whether Claimant's claim petition should be dismissed.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edgar Alvarado,      :
     Petitioner  :
          :
   v.       : Nos. 2485 and 2486 C.D. 2015
          :
Workers' Compensation Appeal :
Board (Badilla Construction and :
First General Services of   :
Northeastern Pennsylvania),  :
     Respondents :

**O R D E R**

AND NOW, this 21st aa day of June, 2016, it is hereby ordered that the orders of the Workers' Compensation Appeal Board dated October 28, 2015 at No. A17-0269 and No. A14-0270, are vacated and this matter is remanded to the Workers' Compensation Appeal Board with instruction to remand to the Workers' Compensation Judge for further proceedings consistent with this opinion.

Jurisdiction relinquished.

_____
DAN PELLEGRINI, Senior Judge