# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Niheem Lewis,                                    :
          Petitioner               :
                                             :
     v.                         :  No. 748 C.D. 2023
                                             :  Submitted: July 5, 2024
Clemens Family Corp. (Workers'                   :
Compensation Appeal Board),                      :
        Respondent            :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE LORI A. DUMAS, Judge


## _OPINION NOT REPORTED_

MEMORANDUM OPINION BY
JUDGE DUMAS                        FILED:  June 4, 2025


Niheem Lewis (Claimant) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ) to deny Claimant benefits under the Workers' Compensation Act (Act).[1]  In this case, Claimant asserts that the WCJ erred in excluding his medical report from evidence.  Upon review, we affirm.

## I. BACKGROUND[2]

On August 10, 2017, Claimant purportedly injured his right shoulder while moving a tray of hams in the course of his employment with Clemens Family

---

[1] Act of June 2, 1915, P.L. 736, _as amended_, 77 P.S. §§ 1-1041.4, 2501-2710.

[2] Unless stated otherwise, we derive the background for this case from the decisions of the WCJ and the Board, which are supported by substantial evidence of record.  _See_ Bd.'s Dec., 6/15/23.

Corp. (Employer). On October 3, 2017, Employer denied that any work-related injury had occurred. Thereafter, on August 7, 2020, Claimant filed a claim petition, asserting partial disability as of August 10, 2017, and full disability commencing October 17, 2017.

Over the next two years, the WCJ scheduled evidentiary hearings numerous times.[3] Although the WCJ repeatedly extended Claimant's deadline to provide evidence in support of his claim, Claimant failed to present any evidence until October 5, 2021, when he submitted his deposition testimony. At that time, Claimant also informed the WCJ that he was limiting his claim to less than 52 weeks and would, therefore, proceed with medical reports.[4] However, despite further extensions and a final evidentiary deadline set for March 11, 2022, Claimant did not file an expert medical report until March 21, 2022.

The record was closed, and a final hearing was held on May 3, 2022. In addition to his deposition testimony, Claimant provided treatment records and diagnostic reports. However, Employer objected to the admission of the expert report as untimely filed. The WCJ sustained the objection, excluded the report, and thereafter denied Claimant's motion for reconsideration.[5] For its part, Employer

---

[3] Scheduling was complicated because Claimant was incarcerated in federal prison. Hearings were scheduled on 9/1/20 (this hearing was continued), 10/6/20, 11/10/20, 1/21/21, 5/27/21, 8/10/21, 10/5/21, 1/11/22, 3/22/22, and 5/3/22. The WCJ set evidentiary deadlines for Claimant to complete his case on 4/20/21, 8/10/21, 9/24/21, 1/2/22, and 3/11/22.

[4] Section 422(c) of the Act permits a claimant who limits his claim to 52 weeks or less to submit medical reports as evidence of his injury and disability without the need to provide sworn testimony of witnesses. 77 P.S. § 835.

[5] Claimant requested an expert report from Dr. Leonard Rosenfeld "at some point after March 10, 2022." WCJ's Dec., 9/27/22, at 4. Dr. Rosenfeld issued his report on March 18, 2022. *Id.* Explaining her decision, the WCJ noted her "numerous" extensions and her attempt to give Claimant a "full and fair opportunity to prosecute his case," yet the WCJ excluded the report because "Claimant [had] waited over 1½ years after the filing of [his claim petition], and just 1 day before this [c]ourt's final deadline, to request this report." *Id.*

provided an expert medical report as well as various records documenting Claimant's history of *crimen falsi*.[6]

The WCJ specifically found Claimant's testimony not credible and concluded that Claimant had failed to establish a compensable, work-related injury. Accordingly, the WCJ denied and dismissed the claim petition. Claimant timely appealed to the Board, challenging the WCJ's exclusion of Claimant's expert report. However, Claimant did not challenge the WCJ's finding that Claimant's testimony was not credible.[7] *See* Claimant's Appeal to Bd., 10/12/22. The Board affirmed, and Claimant timely appealed to this Court.

## II. ISSUE

Claimant presents a single issue for our review, asserting that the WCJ erred by excluding Claimant's expert medical report. *See* Pet'r's Br. at 5. Although Claimant concedes that this report was "a few days late," *id.* at 5, he maintains that Employer suffered no prejudice by the delay. *See id.* at 7, 10. In the alternative, Claimant suggests that no report was necessary because his disability was so closely and clearly related to the work incident. *See id.* at 10-11 (citing *Palermo v. N. E. Preserving Works*, 15 A.2d 44 (Pa. Super. 1940)).[8] Thus, according to Claimant, the expert report should be admitted, but regardless, the Board should have found in his favor. *See id.* at 12.

---

[6] For example, on February 25, 2020, the United States District Court for the Eastern District of Pennsylvania imposed a judgment of sentence following Claimant's guilty plea to 18 counts of making false statements to federal firearms licensees. *See* Ex. D-03 (United States v. Lewis, Case No. DPAE2:19-CR-000235-001, Order, 2/25/20). *See also* 18 U.S.C. § 924(a)(1)(A).

[7] Claimant concedes the WCJ's credibility determination. *See* Pet'r's Br. at 8.

[8] Superior Court decisions may provide persuasive authority, particularly where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

In response, Employer notes that Claimant had received multiple extensions but only requested a report from his expert on the day before the final deadline to submit. *See* Resp't's Br. at 6-8. According to Employer, "[Claimant's] delay is especially glaring in light of the remarkably generous extensions of time allowed by the WCJ." *Id.* at 8. Thus, Employer asks that we affirm the Board.[9] *Id.* at 10.

### III. DISCUSSION[10]

In a claim petition, the claimant bears the burden of establishing all elements necessary for relief. *Wagner v. Workers' Comp. Appeal Bd. (Ty Constr. Co., Inc.)*, 83 A.3d 1095, 1098 (Pa. Cmwlth. 2014). This includes proof that the claimant sustained a work-related injury and, absent an obvious causal connection between the injury and the alleged work-related cause, unequivocal medical evidence establishing the connection. *Cardyn v. Workmen's Comp. Appeal Bd. (Heppenstall)*,

[9] Employer asserts further that any error in excluding the report was harmless. *See id.* at 8-9. According to Employer, Dr. Rosenfeld's report was based on his review of Claimant's deposition testimony. *See id.* As the WCJ found Claimant's testimony not credible, Employer reasons, "Dr. Rosenfeld's opinion could not have been deemed credible." *Id.* at 9. *See also* Bd.'s Dec. at 6 (offering a similar analysis). While this is plausible, we stress that Dr. Rosenfeld's report does not appear in the agency record certified to this Court; thus, it would be impossible to evaluate the merits of Employer's harmless error analysis.

[10] "This Court's review in workers' compensation appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 433 (Pa. Cmwlth. 2022), *appeal denied*, 290 A.3d 237 (Pa. 2023). Substantial evidence is such relevant evidence that a reasonable mind might find adequate to support a conclusion based on the findings of fact. *Mrs. Smith's Frozen Foods Co. v. Workmen's Comp. Appeal Bd. (Clouser)*, 539 A.2d 11, 14 (Pa. Cmwlth. 1988). Finally, the WCJ is the fact finder, and we will defer to the WCJ on matters of credibility and evidentiary weight, unless the WCJ's reasoning is capricious or "so fundamentally dependent on a misapprehension of material facts . . . as to render it irrational." *W. Penn Allegheny Health Sys., Inc. v. Workers' Comp. Appeal Bd. (Cochenour)*, 251 A.3d 467, 475 (Pa. Cmwlth. 2021) (*Cochenour*)

534 A.2d 1389, 1390-91 (Pa. 1987); *Degraw v. Workers' Comp. Appeal Bd. (Redner's Warehouse Mkts., Inc.)*, 926 A.2d 997, 1000 (Pa. Cmwlth. 2007); *Palermo*, 15 A.2d at 47-48.

In guiding litigants through the prosecution and defense of a claim, the WCJ has "discretion to control [her] docket by ordering parties to comply with litigation in a timely manner." *Wagner*, 83 A.3d at 1098; *see, e.g.*, *US Airways v. Workers' Comp. Appeal Bd. (McConnell)*, 870 A.2d 418, 423 (Pa. Cmwlth. 2005) (recognizing that the WCJ may dismiss a claim petition for the claimant's continuous disregard of deadlines); *see also Karotka v. Workers' Comp. Appeal Bd. (Millcreek Cmty. Hosp.)*, 840 A.2d 1040, 1043 (Pa. Cmwlth. 2003) (recognizing that the WCJ has "wide latitude" to adjudicate a petition). "If [the parties] do not comply, the WCJ may close the record and preclude the submission of evidence, provided [she] first warns the parties that the record will close." *Wagner*, 83 A.3d at 1098. There is no abuse of discretion when a party has had ample opportunity to present evidence yet fails to do so before the record is closed. *See Fremont Farms v. Workmen's Comp. Appeal Bd. (Phillips)*, 608 A.2d 603, 604-05 (Pa. Cmwlth. 1992).

Our decision in *Fremont Farms* is instructive. In that case, the claimant suffered a work-related back injury, underwent surgery, and filed a claim for benefits. *Fremont Farms*, 608 A.2d at 603. At the initial hearing, the referee[11] directed the employer to schedule and complete a medical examination of the claimant within 60 days. *Id.* Approximately 90 days later, at the next hearing, the employer had yet to schedule an examination. *Id.* at 603-04. The referee granted the employer an additional 30 days but also informed the employer that he would accept a motion from the claimant to close the record at the next hearing if the

---

[11] Prior to 1993, WCJs were called referees.

5

examination had not been performed. *Id.* at 604. At the next hearing, again more than 90 days later, the employer had still not scheduled an examination. *Id.* The referee closed the record, awarded the claimant benefits, and further awarded counsel fees to claimant because the employer had presented no evidence in its defense of the claim.[12] *Id.*

On appeal to this Court, the employer conceded claimant's injury. *Id.* Instead, the employer challenged the referee's decision to close the record and preclude the employer from offering any mitigating evidence.[13] *Id.* Noting the employer's ample opportunity to present evidence, its repeated failure to meet the deadlines imposed by the referee, and its knowledge that the record would be closed, this Court readily affirmed. *Id.* at 604-05.

The case here is analogous. The WCJ conducted nine hearings in this matter, far more than the three hearings held in *Fremont Farms*. *See generally* Hr'g Tr., 10/6/20; Hr'g Tr., 11/10/20; Hr'g Tr., 1/21/21; Hr'g Tr., 5/27/21; Hr'g Tr., 8/10/21; Hr'g Tr., 10/5/21; Hr'g Tr., 1/11/22; Hr'g Tr., 3/22/22; Hr'g Tr., 5/3/22. Thus, Claimant was given ample opportunity to present evidence in support of his claim.

As in *Fremont Farms*, Claimant repeatedly failed to present any evidence. Nevertheless, mindful of Claimant's incarceration and the difficulties his incarceration presented in prosecuting a claim, the WCJ extended Claimant's evidentiary deadlines on multiple occasions. *See, e.g.*, Hr'g Tr., 1/21/21, at 7 ("So, in light of the situation, . . . I'm going to give him another 90 days . . . ."); Hr'g Tr.,

---

[12] Section 440 of the Act authorizes counsel fees for an unreasonable contest. 77 P.S. § 996, added by the Act of February 8, 1972, P.L. 25.

[13] The employer sought a remand so that it could introduce evidence that the claimant had not timely notified the employer of the work injury and additional evidence documenting the claimant's wages. *See id.*

6

5/27/21, at 7 (granting Claimant an extension until August 2021 to present his case); Hr'g Tr., 1/11/22, at 8 ("Okay. I'm going to relist this in 45 days . . . .").

Finally, as in *Fremont Farms*, the WCJ warned Claimant on multiple occasions that she could not keep the record open indefinitely and would close the record with or without his evidence. *See, e.g.*, Hr'g Tr., 5/27/21, at 7 (informing Claimant that the August hearing would be the "final hearing . . . at which time I will expect the record to close"); Hr'g Tr., 10/5/21, at 7-8 (advising that the record would be certified in January 2022); Hr'g Tr., 1/11/22, at 7-8 (granting Claimant a final 60 days to submit his evidence).

For these reasons, we discern neither error of law nor abuse of the WCJ's discretion in her decision to close the record and preclude Claimant's expert medical report.[14] *Wagner*, 83 A.3d at 1098; *Fremont Farms*, 608 A.2d at 604-05.

Claimant's alternative argument, that medical evidence was unnecessary to prove his claim, is not persuasive. In support of his argument, Claimant cites *Palermo*, a case in which the claimant experienced a sharp pain in his right side while lifting a case of tomato juice. 15 A.2d at 46. The claimant could not continue this work and, upon arriving at home, noticed a lump in his side. By the next morning, the claimant sought medical treatment from a physician, who

---

[14] We need not consider whether Claimant's belated production of an expert report was prejudicial to Employer. *See* Claimant's Br. at 10 (baldly asserting a lack of prejudice but offering no legal authority or significance to this assertion). Simply, the discretion afforded a WCJ in controlling her docket is a recognition that the WCJ must oversee the orderly prosecution and resolution of litigation. *See Wagner*, 83 A.3d at 1098; *Karotka*, 840 A.2d at 1043. It is implicitly prejudicial to a claimant and employer alike to engage in unending litigation. Provided the WCJ has provided a claimant with a sufficient opportunity to collect and present evidence and, further, fair warning that the record will close, there is no requirement that a WCJ find express prejudice to an employer.

diagnosed a hernia. A few weeks later, the claimant required surgery to repair the hernia. *Id.*

In its appeal of the benefits awarded, the employer challenged the lack of medical evidence establishing a relationship between the accident and the hernia. *Id.* at 47. The Superior Court rejected the argument, noting simply that "[w]here, as here, there is such close connection between the accident and the injury as to satisfy a reasonable person as to the cause of the injury, the relation between the two is sufficiently shown." *Id.* at 47-48.

On the other hand, where the causal connection is less obvious, competent medical evidence is necessary. For example, in *Cardyn*, a machinist lost his footing and fell to a steel platform, striking his right knee. 534 A.2d at 1389. He was taken to a local hospital for x-rays, which were apparently negative, and the claimant was released. *Id.* Nevertheless, the claimant's pain continued, and a few days later, a physician administered a cortisone injection. *Id.* at 1389-90. Several months after that, the claimant underwent a knee replacement procedure, which was unsuccessful, and the claimant was rendered totally disabled.[15] *Id.*

The claimant sought and received benefits, but the matter was ultimately heard by our Supreme Court. The Court noted that the claimant first experienced problems with his knees approximately 15 years before his fall. He had treated extensively with an orthopedic surgeon, who administered anti-inflammatory treatments "anywhere from two to six times per year." *Id.* at 1391. In addition, some years before the claimant's fall, the surgeon had performed a patellectomy to remove the claimant's right kneecap and observed "a moderate amount of deterioration in the knee attendant to the natural degenerative aging process." *Id.* In addition, prior

---

[15] Following surgery, the claimant developed an infection; ultimately, his knee joint was fused, which severely limited the claimant's mobility. *Id.* at 1390.

to the claimant's fall, the surgeon first recommended the knee replacement procedure. *Id.* Upon reviewing this evidence, the Court did not disclaim the significance of the claimant's fall, "only that the cause was not obvious." *Id.* Accordingly, competent medical evidence was necessary to establish causation. *Id.*

Unlike in *Cardyn*, the evidence here does not establish that Claimant has a history of chronic shoulder pain or dysfunction. Nevertheless, Claimant's reliance on *Palermo* is misplaced, and we believe that *Cardyn* provides the more appropriate reference. In our view, the cause of Claimant's injury or disability is sufficiently murky that competent medical evidence was necessary to prove causation between the injury and the alleged work-related cause.

First, the WCJ did not credit Claimant's testimony, *see* WCJ's Decision, 9/27/22, at 7, and so there is no accepted account describing the circumstances of Claimant's work incident. Second, none of the documentary evidence submitted by Claimant corroborates his account; on the other hand, there is contemporaneous, documentary evidence that suggests Claimant experienced shoulder pain while exercising. Ex. D-02 (Dr. O'Dell's Note, 9/14/17) ("He has been working out in [the] gym but has pain when he attempts bench pressing."); *see also* Ex. C-10 (Dep. Tr., 9/14/21, at 53) (Claimant acknowledging he was physically active at gym prior to the injury).

Nevertheless, even if we were to accept that Claimant suffered an injury at work on August 10, 2017, and that Claimant experienced some noticeable discomfort, it is rather unlike the immediate and excruciating pain suffered by the claimant in *Palermo*, who was simply unable to continue working, promptly noticed a lump in his side, and was diagnosed with a hernia less than a day later. 15 A.2d at 46. Here, by way of contrast, Claimant remained at work following the incident, *see*

Ex. C-10 (Dep. Tr., 9/14/21, at 10-11), Claimant returned to work the following day, *see id.* at 16, and there is no evidence that Claimant sought medical treatment until some weeks later, on August 31, 2017. *See* Ex. C-1 (Clemens Food Grp. Notes). Further, it appears that Claimant ceased medical treatment on September 14, 2017, and did not again see a medical professional until June 13, 2018. *See* Ex. C-02 (Temple Family Records).

As reasoned by the *Cardyn* Court, "[t]here is a difference between an injury and its consequences, and tracing those consequences is often beyond the skill and experience of laymen since the answers can lay in complicated etiologies known only to experts." 534 A.2d at 1390. In this case, absent competent medical evidence establishing causation, Claimant was unable to prove that he had sustained a compensable, work-related injury. *Wagner*, 83 A.3d at 1098; *Cardyn*, 534 A.2d at 1390-91.

## IV. CONCLUSION

Claimant had ample opportunity to present evidence, repeatedly failed to meet deadlines imposed by the WCJ, and was warned that the record would close. Accordingly, it was within the WCJ's discretion to preclude Claimant's untimely expert report. *Wagner*, 83 A.3d at 1098; *Fremont Farms*, 608 A.2d at 604-05. Further, an expert medical report was necessary to prove causation. Absent competent medical evidence, Claimant failed to prove his claim. *Wagner*, 83 A.3d at 1098; *Cardyn*, 534 A.2d at 1390-91. Thus, we affirm.


_____
**LORI A. DUMAS, Judge**


10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Niheem Lewis,                                    :
                    Petitioner                   :
                                                 :
        v.                                       :     No. 748 C.D. 2023
                                                 :
Clemens Family Corp. (Workers'                   :
Compensation Appeal Board),                      :
                    Respondent                   :

# **O R D E R**

AND NOW, this 4th day of June, 2025, the order of the Workers' Compensation Appeal Board, entered June 15, 2023, is AFFIRMED.

_____
**LORI A. DUMAS, Judge**